Paul MATTHEWS, C. L. MATTHEWS, and Georgine MATTHEWS *v.* Mahlon MARTIN, Rubin W. WEBB, and Nathaniel M. GRIFFIN

83-102                                           658 S.W.2d 374

Supreme Court of Arkansas
Opinion delivered October 10, 1983

*W. Edward Tarvin,* for appellants.

*Jack Magruder, III,* City Atty., by: *James L. Sloan,* Asst. City Atty., for appellees.

DARRELL HICKMAN, Justice. The appellants, Paul Matthews, C. L. Matthews and Georgine Matthews, sued the Little Rock Fire Chief, Rubin W. Webb, the Director of Planning of the City of Little Rock, Nathaniel M. Griffin, and the City Manager, Mahlon Martin, in their official capacities alleging that due to the appellees' negligence the appellants' residence burned because of the Little Rock Fire Department's refusal to respond to a call for assistance. The circuit judge granted a motion to dismiss the complaint because the defendants were sued in their official capacities for negligence in performing their city roles and such officials are immune from suit.

On appeal we affirm the circuit court's judgment because these individuals are immune from suit for torts

occasioned by any negligent act they may commit in the performance of their official duties. Municipal immunity for governmental functions has been the rule in Arkansas for over a hundred years. In *Parish* v. *Pitts,* 244 Ark. 1239, 429 S.W.2d 45 (1968), the doctrine was abolished. The legislature promptly enacted Act 165 of 1969 reinstating municipal immunity to tort liability as a matter of public policy. Ark. Stat. Ann. § 12-2901 (Repl. 1979). In *Hardin* v. *City of Devalls Bluff,* 256 Ark. 480, 508 S.W.2d 559 (1974), we stated that Act 165 "[I]s a statement of public policy that is plain and unambiguous and leaves no room for doubt," and upheld the constitutionality of the Act. The appellants in this case, who were the defendants below, were sued in their official capacities, and not individually, for what were alleged to be acts of negligence in carrying out their official duties. Such a suit is distinguishable from one where a public official or employee is sued individually for violation of a duty imposed upon that individual by law in common along with all other people. *See Grimmett* v. *Digby,* 267 Ark. 192, 589 S.W.2d 579 (1979). The immunity granted to municipalities extends to the city's officials and employees. *Jones* v. *Sewer Improvement District No. 3,* 119 Ark. 166, 177 S.W. 888 (1915).

Affirmed.