Carl AUTRY *v.* John LAWRENCE

85-44                                          696 S.W.2d 315

Supreme Court of Arkansas
Opinion delivered September 16, 1985
[Rehearing denied October 21, 1985.*]

*Welch & Devine*, for appellant.

---

\* Purtle, J., not participating.

*Mark Stodola*, City Att'y, by: *Victra L. Fewell*, Asst. City Att'y, for appellee.

■ DAVID NEWBERN, Justice. This is a malicious prosecution case. The judge directed a verdict and granted a summary judgment to the appellee at the end of the appellant's case for two reasons. First, he found no evidence to show a lack of probable cause and no evidence showing malice. Secondly, he found that the appellee was a Little Rock city police officer acting in his official capacity when he presented evidence to the prosecutor which resulted in the appellant's arrest and thus the defendant was immune from this tort action under Ark. Stat. Ann. § 12-2901 (Repl. 1979). Either of these reasons would have been sufficient to support the judgment in favor of the appellee. We affirm on the basis of immunity.

The appellant's argument is that the evidence showed that when the appellee went to the prosecutor with evidence that the appellant had committed theft by deception he did not present all of the evidence in his possession. He argues further that there can be no immunity because the duty to present all known, relevant evidence to the prosecutor is one the appellee had in common with all other people. The basis of this argument is found in *Grimmett* v. *Digby*, 267 Ark. 192, 589 S.W.2d 579 (1979), and *Kelly* v. *Wood*, 265 Ark. 337, 578 S.W.2d 566 (1979). In those cases we denied writs of prohibition which had been sought to prevent circuit courts from proceeding with trials resulting from allegations of negligence against state policemen involved in traffic accidents. At issue there was whether the immunity of the state required the claims against the state troopers be brought before the claims commission. We held the immunity of the state did not extend to those state troopers because their alleged acts violated a duty they shared with all other people, i.e., the duty not to drive a vehicle negligently, despite the fact that the accidents occurred while the troopers were on duty.

■ . In *Matthews* v. *Martin*, 280 Ark. 345, 658 S.W.2d 374 (1983), we reviewed the history of immunity of municipalities and their agents and employees and concluded that § 12-2901 immunized them when they were accused of negligence in the performance of their official duties. The source of immunity for municipalities and their agents and employees is different from

that for the state and its agents and employees. The latter is Ark. Const. art. 5, § 20. However, that may be a distinction without a difference, as our decision in *Grimmett* v. *Digby, supra*, recited Ark. Const. art. 2, §§ 7 and 15, which provide respectively for the right to a jury trial in cases at law and for a remedy for every wrong. We interpret the case, however, as having been based on the same point as *Kelly* v. *Wood, supra*, i.e., that the duty allegedly violated was not one stemming from the official status of the trooper involved in the accident, but was one shared by all people.

■ The case before us is like *Matthews* v. *Martin, supra*. We recognize the cases the appellant cites holding that when a citizen reports a crime to the prosecutor he must tell all to be absolved of liability for malicious prosecution. *Crockett Motors Sales, Inc.* v. *London*, 283 Ark. 106, 671 S.W.2d 187 (1984); *Jennings Motors* v. *Burchfield*, 182 Ark. 1047, 34 S.W.2d 455 (1931). That duty is not the same as the duty of a police officer who routinely, and as required by his job, reports evidence to a prosecutor in doubtful cases to get a professional opinion on whether there is probable cause to make an arrest.

■ As we pointed out in *Matthews* v. *Martin, supra*, it was the intent of the General Assembly in § 12-2901 to grant immunity to municipal agents and employees for acts of negligence committed in their official capacities. The appellee's duty here arose from his official capacity, and he is thus immune from suit alleging a breach of that duty.

Affirmed.

PURTLE, J., not participating.