Don Montgomery, Ph.D. Superintendent of Schools Piggott School District 467 East Court Street Piggott, AR 72454
Dear Dr. Montgomery:
This is in response to your request for an official opinion concerning "the liability of a school district when a warrant is issued for the owner of the vehicle which has illegally passed a school bus and it turns out not to have been the owner driving."
Act 1083 of 1985, codified as Arkansas Statutes Annotated 75-658(d) (Supp. 1985), provides:
 When such school bus vehicle stops, every operator of a motor vehicle or motorcycle approaching the same from any direction shall bring such motor vehicle or motorcycle to a full stop before proceeding in any direction; and in the event such school bus vehicle is receiving and/or discharging passengers, the said operator of such motor vehicle or motorcycle shall not start up or attempt to pass in any direction until said school bus vehicle has finished receiving and/or discharging its passengers and is in motion again.
Should an owner of a vehicle violating this section be arrested at the behest of the school district, but prove he or she was not the operator of the vehicle at the time of the violation, a cause of action for false arrest would not lie against the school district. The last sentence of Arkansas Statutes Annotated 75-659 (Supp. 1985), the penalty provision of the above Act, provides:
 In a proceeding for a violation of this Act, proof that the particular vehicle described in the citation, complaint, or warrant was in violation of this Act, together with proof that the defendant named in the citation, complaint, or warrant was, at the time of the violation, a registered owner of the vehicle, shall constitute in evidence a justifiable inference that the registered owner of the vehicle was the driver of the vehicle at the time of the violation.
False imprisonment is a trespass committed against a person by unlawfully arresting and detaining him or her without any legal authority or by instigating such unlawful arrest. McIntosh v. Bullard, Earnheart Magness, 95 Ark. 227, 129 S.W. 85 (1910). Here, the arrest of the owner is authorized by this statute thereby precluding an action for false arrest.
Moreover, school districts have been expressly granted immunity from tort actions. Arkansas Statutes Annotated 12-2901 (Repl. 1979) states:
 It is hereby declared to be the public policy of the State of Arkansas that all counties, municipal corporations, SCHOOL DISTRICTS, special improvement districts, and all other political subdivisions of the State shall be immune from liability for damages, and no tort action shall lie against any such political subdivision, on account of the acts of their agents and employees.
It is the stated purpose of this statute to grant immunity to, inter alia, school districts and to municipal agents and employees for acts of negligence committed in their official capacities. Lacey v. Bekaert Steel Wire Corp., 619 F. Supp. 1234 W.D.Ark. (1985); Autry v. Lawrence, 286 Ark. 501, 696 S.W.2d 315 (1985). Thus, the school district would be immune from any action brought by the owner of the vehicle which sounded in tort.
Therefore, the school district could also be immune from a suit for malicious prosecution under two analyses. To explain, there is a duty to assist in the detection of crime. Hickingbottom v. Easley, 494 F. Supp. 980 (1980). As long as the school district, or one of its agents or employees, tells all the circumstances surrounding the commission of a crime to the prosecutor, it is absolved of liability for malicious prosecution. Similarly, if the agent or employee is acting in his or her official capacity in informing of the violation, immunity lies under Arkansas Statutes Annotated 12-2901. See Autry v. Lawrence, 286 Ark. 501,697 S.W.2d 315 (1985).
This is not to say, however, the school district is immune from all forms of litigation. A creative plaintiff's attorney could formulate a theory, other than a tort action, under which the school district would not enjoy immunity. For instance, the owner of the vehicle could proceed under 42 U.S.C. § 1983:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
If the owner meets the requirements of this statute, the school district might not be immune from liability since state law immunities do not override a cause of action under this statute. See Monell v. New York City Department of Social Services,436 U.S. 658 (1978). The success of such an action, however, is a wholly different matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Blake Hendrix.