The Honorable David R. Matthews State Representative P. O. Box 38 Lowell, Arkansas 72745
Dear Representative Matthews:
You have requested an official opinion concerning the following question:
 Are commissioner/board members of suburban improvement districts immune from civil liability for nonnegligent actions taken in their official capacity?
Ark. Stat. Ann. 12-2901 provides:
 It is hereby declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the State shall be immune from liability for damages, and no tort action shall lie against any such political subdivision, on account of the acts of their agents and employees.
Suburban improvement districts are authorized by Ark. Stat. Ann. 20-701 et seq. It appears that a suburban improvement district is a special improvement district because the special assessments are to be used for a particular public purpose.
The immunity afforded by Ark. Stat. Ann. 12-2901 has been held to extend to officers, directors, and employees in actions brought against them in their official capacities. Matthews v. Martin,280 Ark. 345, 658 S.W.2d 374.
It would therefore follow that directors/commissioners of a special improvement district would be entitled to the immunity afforded by 12-2901 so long as their conduct can be characterized as being within their official capacity and meeting the criteria of being undertaken in good faith.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett.