Jackie Mitchell BATTLE and George Mitchell *v.* James A. (Al) HARRIS, Sheriff of Clark County

88-231                                              766 S.W.2d 431

Supreme Court of Arkansas
Opinion delivered March 13, 1989

242

*Christopher C. Mercer, Jr.*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *David M. Fuqua* and *James D. Lawson*, for appellee.

TOM GLAZE, Justice. This controversy centers on a writ of

execution which was issued on the basis of a chancery court judgment for child support arrearages. Judy Battle obtained the judgment against her former husband, Willie Joe Battle, who is presently married to appellant Jackie Battle. Appellee's office served the writ on Jackie Battle, and subsequently seized 140 personalty items to which Jackie, along with her father, George Mitchell, claimed ownership. Jackie claims that, after the items were seized, she gathered information to prove that she, not Willie Joe, owned the seized items, but before she could garner the information and petition to stay the execution, appellee sold all the items. The appellee sold the items twenty-nine days after they had been seized.

Jackie and her father filed suit in circuit court against appellee, alleging the denial of their rights of due process and seeking compensatory and exemplary damages for appellee's wrongful, malicious and illegal taking and sale of their personalties. Appellee filed a motion to dismiss pursuant to ARCP Rule 12(b)(6). First, appellee argued that the appellants' exclusive remedy to suspend or set aside the writ of execution was provided under Ark. Code Ann. §§ 16-66-301 to -304 and 16-66-401 to -409 (1987), and that appellants had failed to avail themselves of that remedy. Second, he claimed that, as a public official, he was immune from liability for damages pursuant to Ark. Code Ann. § 21-9-301 (1987). In finding merit in appellee's argument, the trial court concluded the appellants' due process rights had not been violated and granted appellee's motion to dismiss the appellants' action. We reverse.

We first note that Rule 12(b)(6) provides for the dismissal of a complaint for failure to state facts upon which relief can be granted. *Harvey* v. *Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981). In *Guthrie* v. *Tyson Foods*, 285 Ark. 95, 685 S.W.2d 164 (1985), we further noted that it is improper for the trial court to look beyond the complaint to decide a motion to dismiss pursuant to ARCP Rule 12(b)(6), unless it was treating the motion as one for summary judgment, and even if the court treated the motion as one for summary judgment, it is incorrect to base the decision on allegations in briefs and attached exhibits. Here, the trial court made no mention of treating the appellee's Rule 12(b)(6) motion as one for summary judgment. Therefore, in considering a motion for judgment on the pleadings for failure

to state facts upon which relief can be granted under ARCP 12(b)(6), the facts alleged in the complaint are treated as true and viewed in the light most favorable to the party seeking relief. *McAllister* v. *Forrest City St. Imp. Dist.*, 274 Ark. 372, 626 S.W.2d 194 (1981).

We next look to the appellants' complaint, which, among other things, alleges that Jackie Battle and her father were the owners of the 140 items of personal property that were unlawfully seized by the appellee from the appellants' house. Appellants claimed that a deputy of appellee's demanded and received the appellants' keys to their house after the deputy threatened to "kick the door down." Appellants further alleged that their home was stripped of all furniture and that the appellee refused to return the items after the appellants explained that the property solely belonged to the appellants. Appellants asserted they received no notice from the appellee before or at the time the appellee sold the 140 items of personal property at an auction twenty-nine days after the property was seized. Appellants further alleged the appellee and his agents had been specifically told that the seized items did not belong to the judgment debtor, Willie Joe Battle, and that, despite all protestations, objections and warnings, appellee deliberately and willfully seized and sold the appellants' properties without just cause and in violation of their due process rights.

In view of the foregoing factual allegations, appellants' complaint, at the very least, sets forth a cause of action based upon their claim that their due process rights had been violated. Although appellee's counsel in oral argument indicated the appellants had received proper notice and had been afforded due process regarding the sale of the seized items, we find nothing in the record to substantiate that view.

Appellee answers the cause of action set out in appellants' complaint by arguing the appellants were required to pursue only the remedy provided in §§ 16-66-301 to -304 and 16-66-401 to -409, which permits a person to stay, quash or set aside an execution, levy or sale. We agree that this statutory procedure or method of *staying or vacating* writs of execution on judgments appears to be exclusive. *See Taylor* v. *O'Kane*, 185 Ark. 782, 49 S.W.2d 400 (1932). However, this procedure does not preclude a

person from seeking recovery for damages when, pursuant to a writ of execution, a sheriff intentionally or willfully takes property from persons who are in no way connected with the suit and judgment from which the execution ensued. *See Wright* v. *Husband*, 193 Ark. 347, 99 S.W.2d 583 (1936); *Williams* v. *Brooks*, 269 Ark. 919, 601 S.W.2d 592 (Ark. App. 1980).

■ Appellee also argues that the appellants' action at best states a claim that appellee was negligent in the performance of his duties and that the trial court properly dismissed such a claim because the appellee is immune from tort liability under Ark. Code Ann. § 21-9-301. Of course, our earlier consideration of the appellants' complaint in view of ARCP Rule 12(b)(6) disposes of appellee's premise that the appellants' claim is based only upon negligence. Aside from what the proof might eventually show, we must, in this appeal, view the facts alleged in the appellants' complaint as true and in the light most favorable to the appellants. In doing so, the appellants assert the sheriff or his agents intentionally violated the appellants' due process rights by seizing properties that the appellee knew belonged to Jackie Battle and George Mitchell, not Willie Joe Battle, and by selling the properties without notice and in violation of the appellants' due process rights. In sum, although we have held that the public officials named under § 21-9-301 are immune from tort liability, *viz.*, negligent acts committed in the performance of their official duties, *Autry* v. *Lawrence*, 286 Ark. 501, 696 S.W.2d 315 (1985), we have never interpreted that immunity to include intentional torts committed by those officials. We reject any suggestion to do so now.

■ Because the appellants' complaint states a cause of action for intentional or willful tort, we reverse and remand the case for further proceedings consistent with this opinion.