Representative Bob Teague State Representative 4109 Carter Lane Little Rock, AR 72212
Dear Representative Teague:
This is in response to your request for an opinion on several questions regarding the status of county correction officers. Your questions are restated below as follows:
 1. Is there a delegation of the sheriff's arrest powers to an individual who is appointed by the sheriff as a correction officer as there is when the sheriff appoints someone as deputy?
 2. Do such correction officers have authority to utilize force in the performance of their duties as prescribed in their job descriptions?
 3. Would such officers be able to carry a weapon in the performance of their duties as prescribed in their job descriptions?
 4. Would such officers be authorized to transport inmates between the jail and the courthouse, the Arkansas Department of Correction, medical appointments or other required transportations as presently prescribed in their job descriptions?
 5. Would such officers have the ability to serve criminal arrest warrants on inmates presently incarcerated in the detention facility, or on inmates coming into the detention facilities as they are presently doing?
 6. Would such officers enjoy the same liability protection that deputies assigned to the department of correction are afforded?
 7. Would the families of county correction officers be eligible for death benefits as are the families of sworn deputy sheriffs if the county correction officer is killed in the line of duty?
 8. If, in the opinion of the attorney general, the powers of a deputy sheriff assigned to the correction division differ from the powers of a county correction officer, is the county correction officer, in fact, a civilian employee of the appointing sheriff?
It should be noted initially that there appears to be no relevant statute setting out the duties and authority of "correction officers". (But see generally, Opinion No. 86-410 a copy of which is enclosed.) Thus, it is difficult to discern clear-cut answers to most of the questions presented. We will, however, look to other relevant statutes and case law in an effort to determine the exact contours of their authority.
Your first question concerns whether county correction officers are delegated the power of arrest. Consideration of this question must begin with A.C.A. 16-81-106 (Supp. 1987) which provides in pertinent part:
 (a) An arrest may be made by a peace officer or by a private person.
The statute then goes on to define when, and in what circumstances, arrests may be made by peace officers and by private persons. A preceding provision of the Code sets out the individuals who are called peace officers in 16-81-106. That provision, A.C.A. 16-81-104, provides:
 (a)(1) A warrant of arrest may be issued by the following officers, who are called magistrates in this code: Judges of city or police courts, mayors, and justices of the peace. A warrant of arrest may be executed by the following officers, who are called peace officers in this code: Sheriffs, constables, coroners, jailers, marshals, and police officers. (Emphasis added.)
It can thus be seen that the officers above mentioned, and presumably their deputies or persons acting under their direction, are "peace officers" under the Arkansas Code. It is my opinion that county "correction officers" have authority to make arrests because they act under the direction of the jailer, who is also appointed by the sheriff. See A.C.A. 12-41-502. County "correction officers," as they are referred to, are in actuality subordinate jailers. As such, they have authority to make arrests under the statutes set out above because jailers are defined in the statutes as "peace officers," and "peace officers" are empowered to make arrests.
Your second, third and fourth questions deal with whether county correction officers have authority to use force, carry weapons, and transport inmates in the performance of their jobs. Research reveals no provision of state law which prohibits the exercise of these powers by the correction officers. It may reasonably be contended however, that these powers are necessarily implied from the officers' position as subordinate or "deputy" jailers. See infra, discussion at p. 5.
Your fifth question concerns whether such officers are empowered to serve criminal arrest warrants. I believe the previous discussion pertaining to such officer's authority to make arrests has answered this question in the affirmative. See A.C.A.16-81-104. There is, however, some authority for the proposition that such officers could only execute an arrest warrant if it is directed in the first instance to the jailer. See generally, Winkler v. State, 32 Ark. 539 (1877).
Your sixth question inquiries as to the liability protection afforded county correction officers, and whether such liability protection differs from that afforded deputy sheriffs assigned to work in the jail. It is my opinion that both positions enjoy qualified immunity; meaning that both are immune from suit when sued in their official capacities for acts committed in the performance of their official duties. The immunity is qualified because it does not obtain where the activity is in violation of clearly established law which a reasonable person would have known. Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983); and Robinson v. Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987).
Your seventh question concerns the availability of death benefits to the families of county correction officers in the event such an officer is killed in the line of duty. It is my opinion that the families of such a county correction officer would not be entitled to such benefits. These benefits are provided for in A.C.A.21-5-704 and 705 (Supp. 1987). Benefits are provided for the spouse and surviving children of any:
 [p]olice officer, firefighter, employee of the Arkansas State Highway and Transportation Department, employee of the Department of Correction, emergency services worker, employee of the Arkansas Forestry Commission, commissioned law enforcement personnel of the State Parks Division of the Department of Parks and Tourism, wildlife enforcement officer of the Arkansas Game and Fish Commission, or emergency medical technician, as defined in 21-5-701, who is killed in the official line of duty.
Many of the offices set out in the preceding section are defined in 21-5-701. Relevant to our question is the definition of "police officer":
 (1) `Police officer' means: (A) Any law enforcement officer, engaged in official duty, who is a member of any regular or auxiliary police force, on a full or part-time basis, or the Arkansas State Police; (B) A sheriff or deputy sheriff of any city of the first or second class who is engaged in official duty; or (C) Any constable or night marshal of any town of this state engaged in official duty.
A reasonable interpretation of this provision must lead to the conclusion that county correction officers are not included in the benefit provisions of the statutes.
Your final question asks whether county correction officers are indeed "civilian employees" of the sheriff. Without specific statutory guidelines, it is difficult to classify these officers, but as noted previously, it is my opinion that such officers, when assigned to work in the county jail, are in fact subordinates of the jailer. They are in effect, "deputy jailers". It is my opinion that although they can be defined as "peace officers" under the Code, such persons do not come within the definition of "law enforcement officials" as that term is defined in A.C.A.12-9-102, which provides in pertinent part:
 `Law enforcement officer' means any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people.
Although it is my opinion that county correction officers are not "law enforcement officers", they can be classified as "peace officers" under the Code, and thus are likely not merely civilian employees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.