**Patricia CULPEPPER, Plaintiff,**

v.

**Maxine BIGGERS and City of Little Rock, Arkansas, Defendants.**

**No. LR–C–89–851.**

United States District Court,
E.D. Arkansas, W.D.

Aug. 14, 1990.

Mark Stodola, City Atty., and Victra L. Fewell, Asst. City Atty., Little Rock, Ark., for defendants.

## ORDER

ROY, District Judge.

Before the Court is Defendants' Motion to Dismiss/Motion for Summary Judgment. The Plaintiff has responded and the Defendants have filed a reply brief. On May 30, 1990, the Court entered an order advising the parties that it would treat the motion as one for summary judgment, and directed the Defendants to file a short and concise statement of the material facts as to which they contend there is no genuine issue to be tried, in accordance with Local Rule 29(a). Defendants filed their statement and the Plaintiff also filed a statement. After reviewing the pleadings and relevant law, the Court finds that the Motion to Dismiss/Motion for Summary Judgment should be granted.

Plaintiff brought this action alleging malicious prosecution and abuse of process and violation of 42 U.S.C. § 1983. According to the allegations of the complaint, Defendant City of Little Rock, acting through its several employees, have adopted a policy of seeking criminal charges to force payment of checks even when the employees of the City of Little Rock knew that the person issuing such check had not known the check was insufficient when made.

The following facts are not in dispute:

Zanies Comedy Enterprises, Inc., had a mixed drink permit in 1987 from the State Alcoholic Beverage Control Division. In order to sell mixed drinks in the City of Little Rock, Zanies was also required to buy an annual privilege license and mixed drink permit from the City and to pay a mixed drink tax to the City in the amount of five (5) per cent of its monthly sales of alcoholic beverages. Payments of the mixed drink tax are made monthly to the office of the City Collector, (who at that time was Maxine Biggers). At the time the check at issue was written, Zanies was in arrears in its

Gregory Bryant, and Robert Newcomb, Little Rock, Ark., for plaintiff.

payments for mixed drink taxes for October, November and December, 1987, and for January, 1988. During this time period, there was a dispute among the owners of Zanies, and they were involved in litigation in Pulaski County Chancery Case No. 87–5725. In the course of the Zanie's litigation, two relevant orders were issued by Chancellor Lee A. Munson. One authorized the plaintiff to open an account in the name of Zanies Comedy Enterprises, Inc., and to draw checks on that account; the other provided that the plaintiff would collect and deposit all receipts and sign all checks for Zanies. On February 16, 1988, the plaintiff signed and issued check No. 325, drawn on Account No. 8911 390 5 at Worthen Bank and payable to the City of Little Rock in the amount of $1000.00. Printed on the check were the words "Patricia A. Culpepper, Trustee for Zanies Comedy Enterprises, Inc." The $1000.00 check was in the exact amount owed the City for Zanies' mixed drink taxes and penalties for October and November, 1987. It was issued to pay those taxes and penalties. The check was returned to the City Collector on or about March 4, 1988. Stamped across the front of the check were the words: "Exceeds balance in account according to our records." Ms. Biggers was also notified that the check had been dishonored for payment by the paying bank. The check was run through Worthen a second time, and it was again dishonored. The plaintiff was notified that the check was returned as insufficient. When payment was not tendered, i.e., the check was not "covered," Ms. Biggers turned the matter over to the Little Rock City Attorney's Office. Assistant City Attorney Janis Stephens sent a letter by certified mail on March 17, 1988, notifying the plaintiff that the check had been dishonored and stating that if the check were (sic) not covered within ten (10) days, the plaintiff would be prosecuted, and a warrant would be issued for her arrest. When payment was still not tendered, Assistant City Attorney Judy Kaye Mason sent a similar letter April 4, 1988. When the plaintiff received one of these letters, she went to Judge Munson, who called Assistant City Attorney Judy Kaye Mason on April 11, 1988. When payment was still not tendered more than four (4) months later, Ms. Biggers was directed by the City Attorney to go to the Prosecuting Attorney to execute an affidavit to obtain a warrant for the plaintiff's arrest. The affidavit was executed on August 26, 1988. Sherwood Municipal Judge Milas H. Hale signed the bottom of the affidavit indicating that he found that the affidavit "demonstrates reasonable and probable cause for the issuance of a warrant of arrest for the above-named individual the above-stated offense." A felony warrant for the plaintiff's arrest was issued on August 26, 1988, in the Municipal Court of Sherwood, Arkansas, for violation of Ark.Code Ann. § 5–37–302 (Supp.1987). The plaintiff was released on her own recognizance and did not have to post bond. The charge against the plaintiff was dismissed by Judge Hale. The check has never been covered. The taxes for which the check was issued have never been paid. There are no documents in the Pulaski Chancery Court file indicating that the plaintiff was ever appointed as a receiver or trustee for Zanies. The plaintiff "decided" to call herself a "trustee" for purposes of opening the account. The City of Little Rock has a written policy governing the collection of "hot" checks written to the City. It is City Procedure Guideline Index No. 3080. The City has no agreement or arrangement with the Sherwood Municipal Court to prosecute "hot" checks written to the City.

Plaintiff's complaint and brief in support of her response indicate that her cause of action is based upon her position that she wrote the check as a court-appointed receiver for a corporation known as Zanies Club; that as a receiver, she could not be prosecuted for writing a "hot" check, and that Ms. Biggers lacked probable cause to believe the Plaintiff had committed an offense because Ms. Biggers knew that Plaintiff did not know that there were insufficient funds in the account on which

the check was written when she wrote the check.

Defendants contend that Plaintiff cannot show that she was a duly appointed receiver for Zanies, but that even if she could, there is nothing in Arkansas law or federal constitutional law that prohibits a receiver from being prosecuted for writing a "hot" check. Defendants state that Plaintiff cannot dispute Ms. Bigger's showing that she had probable cause to seek a warrant for the plaintiff's arrest. They also state that Plaintiff cannot show that the "policy" attributed to the City actually exists, or that if the alleged policy exists, it caused the Plaintiff to be unlawfully arrested.

■ Under Ark.Code Ann. § 5–37–302, it is a violation of Arkansas law to write a "hot" check for payment of taxes, licenses or fees, "with intent to defraud" or knowing at the time that the funds in the account were insufficient to pay the check or to withdraw funds after the check is written, leaving an insufficient balance in the account to pay the check. Ark.Code Ann. § 5–37–303 (Supp.1987) provides that "notice that payment was refused by the drawee for lack of funds shall be sent by certified or registered mail, evidenced by return receipt" and that the form of the notice shall be substantially as provided in subsection (b). Letters containing substantially the language in § 5–37–303(b) were sent to the Plaintiff by certified mail by Assistant City Attorney Janis Stephens and by Assistant City Attorney Judy Kaye Mason. After the check was dishonored and the Plaintiff was properly notified, failure to pay the amount owed amounted to prima facie evidence that the Plaintiff intended to defraud the City and knew at the time of the making of the check that it would not be honored. Ark.Code Ann. § 5–37–304(a)(2)(A).

In Maxine Bigger's affidavit, she states that she talked to Plaintiff several times, and that Plaintiff assured her that she would cover the check when she got the Zanies accounts in order. Plaintiff disputes this and states that she had a single conversation with Ms. Biggers. The Court finds this disputed issue to be irrelevant.

When Ms. Biggers failed to receive the payment to cover the check, she referred the collection of the check to the City Attorney's Office. After Plaintiff failed to respond to their letters of notice, Ms. Biggers signed an affidavit stating that plaintiff issued a "hot" check to the City in the amount of $1,000.00. Plaintiff contends that the City and Ms. Biggers "knew" that there was a lack of probable cause for the Plaintiff's arrest because of information allegedly received by Assistant City Attorney Judy Kaye Mason from Chancellor Lee Munson. In Chancellor Munson's deposition, he stated that after Plaintiff came to him, he discussed the matter with Ms. Mason and that it was his understanding "that no warrant would be sought against the Plaintiff since she had issued the check . . . while she was acting as Court-appointed receiver for a corporation . . . known as Zanies." In the deposition of Judy Kay Mason, Ms. Mason stated that she never discussed any agreement with Judge Munson that the city would not prosecute this criminally. Even if Ms. Biggers sought the warrant knowing that the Plaintiff was a receiver for Zanies, and even if Chancellor Munson told Ms. Mason that no warrant would be sought, there are no facts alleged that would indicate that Ms. Biggers would be bound by that statement. Furthermore, even if the Plaintiff was a duly appointed receiver, the Plaintiff has presented no Arkansas law or federal constitutional provision precluding the prosecution of a receiver who writes a "hot" check. There is no evidence that Ms. Biggers was aware of any conversation that Ms. Mason had with Chancellor Munson.

In her affidavit, Ms. Biggers stated that Plaintiff claimed to be a "trustee" for Zanies, and that she claimed that she could not be charged with issuing a worthless check because of her capacity as trustee. However, Ms. Biggers stated that she has since reviewed the file of the Pulaski County Circuit Court case in which Plaintiff claimed to have been appointed as trustee for Zanies and found no order appointing her as trustee or receiver for Zanies. Furthermore, she states that "even if she were a trustee, I know of no Arkansas law ex-

empting trustees or receivers from legal action, including criminal prosecution, if they issue "hot" or worthless checks." It is true that reference was made to Plaintiff's "trustee" status on the check. However, as stated earlier, there is no order appointing Plaintiff as either a trustee or a receiver, and there are no documents reflecting that she took an oath or posted bond in such a capacity.

In the affidavit submitted by Plaintiff, Patricia Culpepper, she stated that when she was notified that the check was insufficient, she called a person she now knows as Ms. Maxine Biggers and told her that there were Mastercard fees, bank charges and another item deducted from the account that she had no knowledge of until the bank statement came in the mail. It was these items which caused the check to be insufficient. She also claims that she told Ms. Biggers that the club had closed since the time the check was issued, and there would be no more deposits made into the account.

As stated by the Defendants, the federal constitutional basis for the Plaintiff's allegations against Ms. Biggers is that she lacked probable cause to execute an affidavit for a warrant for the Plaintiff's arrest. Probable cause issues generally arise in § 1983 cases in suits against police officers, and the controlling case law generally refers to the knowledge of an arresting officer. In this case, Maxine Biggers, unlike a police officer making a warrantless arrest, leaves the decision whether to seek a warrant to the prosecutor and the decision whether to issue a warrant to the judge. She was not making a decision to arrest but furnishing information upon which criminal justice professionals make that decision. Assuming Ms. Biggers would be held to the same standard as a police officer, there was ample probable cause to justify the Plaintiff's arrest. Plaintiff issued the check at issue and it was dishonored by the paying bank. Ark. Code Ann. § 5–37–304(a)(2)(A) provides that it is prima facie evidence of intent to defraud and knowledge that the funds in the account were insufficient to cover the check if the check is dishonored and the maker or drawer does not pay the holder the amount due within ten days after receiving written notice that payment was refused. The Court finds that the facts known to Ms. Biggers were sufficient to establish probable cause to execute an affidavit for a warrant for the Plaintiff's arrest.

■ Even if the Court held otherwise, Ms. Biggers would be entitled to dismissal based on a qualified good faith immunity defense. It was not clearly established at the time Ms. Biggers executed the affidavit for the arrest warrant that a "receiver" could not be prosecuted under Arkansas' hot check law. In fact, Plaintiff has not presented the Court with any authority to support that proposition. It was also not established that the writer of a "hot" check could not be prosecuted if she claimed lack of knowledge of the account balance and concomitant lack of intent to defraud. Ms. Biggers' execution of the affidavit was therefore objectively reasonable, and she is entitled to qualified immunity.

As to the Plaintiff's allegations against the City, Plaintiff contends that the City and its employees have adopted a policy of seeking criminal charges to force payment of checks even when the employees of the City of Little Rock knew that the person issuing such check had not known the check was insufficient when made.

■ First, there is no cause of action against the City unless there is a cause of action against Ms. Biggers. Therefore, since the Court finds that the Plaintiff has failed to state a cause of action against Defendant Biggers, the claims against the City must also be dismissed. *See City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); *Clay v. Conlee*, 815 F.2d 1164, 1169 (8th Cir.1987).

■ Even if the Court held otherwise, the gist of the Plaintiff's complaint against the city is apparently that unnamed city employees pursue criminal hot check charges against citizens even when the employees "know" that the person issuing the hot check did not have the culpable mental state required for conviction. In order to

hold the city liable, the Plaintiff must prove the existence of a city policy, promulgated by the city's official policymakers, or of a practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law," and that the policy caused any allegedly unconstitutional conduct of Ms. Biggers. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Adickes v. S.S. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchant v. City of Little Rock*, 741 F.2d 201 (8th Cir.1984). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality without concomitant proof of an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. *Tuttle*, 471 U.S. at 823–24, 105 S.Ct. at 2436–37. If the policy itself is not unconstitutional, "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Id.* at 824, 105 S.Ct. at 2436.

Plaintiff has not alleged any other specific incidents involving the allegedly illegal arrest, without probable cause, of any person who had tendered a check to the City of Little Rock. Plaintiff has not presented any factual allegations to support her theory that the City has a policy of prosecuting people for writing checks on accounts with insufficient funds if City employees "know" that the writer of the check did not know the account was insufficient at the time the check was written. Ms. Biggers states in her affidavit as follows:

> We heard a variety of excuses why checks 'bounced.' There was no way for us to 'know' whether the excuse was truthful or what the writer knew or believed at the time the check was written. City policy is simply to attempt to collect the amount of any 'hot' check pursuant to Procedure Guideline Index No. 3080. If our efforts failed, we turned the check over to the City Attorney for legal action.

> \* \* \* \* \* \*

> The decision about what legal action should be taken against Ms. Culpepper or other writers of 'hot' checks was not made by me or my staff. I executed affidavits for warrants at the direction of the City Attorney, and I did what he directed in executing the affidavit for Ms. Culpepper. Ms. Culpepper was not prosecuted until well after she was put on notice that the check had been dishonored twice and after she refused or neglected to cover the check.

> It is my understanding that the writer's subsequent refusal to cover a "hot" check constitutes a violation of Arkansas law, no matter what the writer's knowledge might have been at the time the check was written.

The Defendants have submitted as an exhibit the actual written policy of the City of Little Rock governing the acceptance of checks and the collection of those that are dishonored. That provision of the policy relating to collection of checks returned unpaid provides:

> Checks returned unpaid by banks after a second attempt at clearing will be logged by the Collector's Office using the attached form. The check will then be referred to the City Attorney's Office for prosecution. Unpaid checks will be accumulated by the Collector's Office for monthly transfer to the City Attorney. This transfer will be accomplished in person by the Collector, Assistant Collector, or Privilege License Auditor. The City Attorney's Office will initial the log as having received these checks. A copy of the log will be retained by the Attorney's Office.

It contains none of the provisions alleged to be the policy of the city in the complaint.

■ With respect to the pendent state tort claims for malicious prosecution and abuse of process, the Court refers to Ark. Code Ann. § 5–37–303(c), which provides:

> (c) Any party holding a dishonored check or instrument and giving notice in sub-

stantially similar form to that provided in subsection (b) of this section and in the manner provided in subsection (a) of this section shall be immune from civil liability and criminal liability if sent in good faith for the giving of the notice and for proceeding under the forms of the notice.

Furthermore, Ark.Code Ann. § 21–9–301 (1987) provides both defendants with immunity for state tort actions. Immunity has been specifically granted for tort actions for malicious prosecution actions. *Autry v. Lawrence,* 286 Ark. 501, 696 S.W.2d 315 (1985).

In light of the legal authority cited above, the Court finds that summary judgment should be, and is hereby granted in favor of the Defendants Maxine Biggers and City of Little Rock. Judgment will be entered accordingly.

ORDERED.