The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District 218 E. 2nd Street South P.O. Box 8 Prescott, AR 71857
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney Danny P. Rodgers' request for an opinion regarding the legality of certain "`Grants-in-Aid" appropriations in a county budget. His specific questions are as follows:
 I. May the Nevada County Quorum Court lawfully appropriate general funds as "Grants-in-Aid" to the following:
1. Florence Crittenden Home Services, Inc.;
2. Nevada County Conservation District;
 3. Prescott-Nevada County Chamber of Commerce (apparently annual membership dues);
 4. Nevada County Association for Retarded Citizens, a private non-profit corporation d/b/a the Nevada County Day Service Center, an institution for helping those with mental handicaps;
 5. Southwest Arkansas Development Council, Inc., which operates the Senior Citizens Center;
6. Nevada County Fair Association;
 7. Southwest Arkansas Planning and Development District, Inc.; and
 8. Nevada County Industrial Development Corporation, a private non-profit corporation, d/b/a Nevada Citizens United for Progress (NCUP).
 II. Is an individual quorum court member, or members collectively, personally liable to repay any funds unlawfully appropriated after having been advised of the unlawful nature of the appropriation?
It is my opinion that with the exception of the Nevada County Conservation District and the Southwest Arkansas Planning and Development District, a grant of county general funds[1] to each of the above entities would be subject to challenge under Article 12, § 5 of the Arkansas Constitution, which states:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
It must be concluded, following the Arkansas Supreme Court's decisions in Halbert v. Helena-West Helena IndustrialDevelopment Corp., 226 Ark. 620, 291 S.W.2d 802 (1956) and Cityof Jacksonville v. Venhaus, 302 Ark. 204, 778 S.W.2d 478 (1990), that the grant of county funds to private nonprofit corporations is unconstitutional.[2] See Ops. Att'y Gen. 90-279 and 91-015. See also Op. Att'y Gen. 88-114 (copy enclosed) for relevant analysis as to a chamber of commerce, a fair association and an industrial development corporation. With regard to charitable organizations, the current state of the law was summed up in T. Carpenter, "`Buddy Can You Spare a Dime,'" supra n. 2, at 21 as follows:
 Although the court once considered government donations to charity to be permissible, recent decisions prohibit such donations to nonprofit organizations. . . .
With regard to the Nevada County Conservation District and the Southwest Arkansas Planning and Development District, Inc., it is my opinion that neither of these entities is a "company, association or corporation" within the meaning of Ark. Const. art. 12, § 5. See City of Paris v. Street Improvement DistrictNo. 2, 206 Ark. 926, 175 S.W.2d 199 (1943) and Op. Att'y Gen.88-114 at 4-8.
In response to the second question regarding the liability of quorum court members, it is my opinion that the immunity granted under A.C.A. § 21-9-301 (as amended by Act 292 of 1993), which extends to county public officials, is not removed simply by virtue of an appropriation of funds contrary to the advice of counsel. The Arkansas Supreme Court has held that the General Assembly intended in § 21-9-301 to grant immunity to political subdivision agents and employees for negligent acts committed in the performance of their official duties. Matthews v. Martin,280 Ark. 345, 658 S.W.2d 374 (1983); Autry v. Lawrence,286 Ark. 501, 696 S.W.2d 315 (1985); Battle v. Harris,298 Ark. 241, 766 S.W.2d 431 (1989). Thus, where the quorum court member's duty arises from her official capacity, she is immune from suit alleging a breach of that duty. Autry v. Lawrence,286 Ark. at 503.
It should be noted, however, that the court has recognized that this immunity does not include intentional torts committed by the public official. Battle v. Harris, 298 Ark. at 245. In this regard, the failure to follow the advice of counsel may be one factor to consider in determining whether the official can still successfully plead the immunity provision. It is conceivable, in other words, that the fact that a county officer acted in disregard of legal advice would constitute evidence of one or more elements of a theory of liability to which the immunity grant would not apply. It may also be significant to note in this regard that the General Assembly has purported to authorize grants by counties and cities to nonprofit corporations or associations to aid or promote economic development. See A.C.A.
§ 19-173-101 to -105 (Cum. Supp. 1991). While it was concluded in Op. Att'y Gen. 90-279 that this law is constitutionally suspect, the existence of authorizing legislation would likely weigh in the quorum court's favor in any personal liability claim resulting from appropriation. In addition, with regard to charitable donations, it was concluded in Op. Att'y Gen. 91-015
at 2 that although prior cases upholding certain donations were not expressly overruled in City of Jacksonville, supra, they "have probably been rejected." Again, the ability to contend that some degree of uncertainty attends the legal issue might undermine an effort to impose liability based merely upon the quorum court's failure to follow advice of counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] I assume that the appropriations in question in fact involve the grant of county funds, as opposed to the payment of amounts owing under a contract for services. If supported by adequate consideration, a contract for services would, in my opinion, fall outside the prohibition contained in Ark. Const. art. 12, § 5.
[2] For a discussion of cases preceding Halbert and City ofJacksonville involving charitable donations by local governments, see T. Carpenter, "`Buddy, Can You Spare a Dime,' (Constitutional Questions About Local Government Donations to Charity)," The Arkansas Lawyer 16 (Oct., 1990).