The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71856-03374
Dear Senator Ross:
You have requested an official Attorney General opinion concerning potential liability of city council members.
Your questions arise out of a situation in which the city council appoints citizens to various advisory boards and commissions, most of which function in an advisory capacity. The water utilities board is an exception. It functions as an administrative and policy board that is separate and independent of the city board, even though its members are appointed by the board.
In light of the foregoing scenario, you have asked the following questions:
 (1) Are the city board and its members liable for any action taken by the water utilities board?
 (2) If so, should the water utilities board operate in an advisory capacity only?
RESPONSE
Question 1 — Are the city board and its members liable for any actiontaken by the water utilities board?
The answer to this question will depend upon the nature of the action taken by the utilities board. As explained below, city council members are granted limited immunity from liability for certain types of actions, under the provisions of two statutes, discussed below. However, the applicability of those statutes to particular situations must be determined on a case-by-case basis in light of all of the attendant facts and circumstances. For this reason, I cannot render a definitive opinion in response to your question; nevertheless, I will review the laws that should be considered in evaluating particular situations.
One statutory source of limited immunity for city council members is A.C.A. § 16-120-102, which states in pertinent part:
 (a) Except as otherwise provided by this chapter, no member of any board, commission, agency, authority, or other governing body of any governmental entity and no member of the board of directors of a nonprofit corporation that holds a valid federal income tax exemption issued by the Internal Revenue Service shall be held personally liable for damages resulting from: (1) Any negligent act or omission of an employee of the nonprofit corporation or governmental entity; or (2) Any negligent act or omission of another director or member of the governing body of the governmental entity.
A.C.A. § 16-120-102(a).
The pertinent exception to the above-quoted grant of immunity is stated in A.C.A. § 16-120-103, as follows:
 (a) The immunity provided by this chapter shall not extend to acts or omissions of directors of nonprofit corporations or members of boards, commissions, agencies, authorities, or other governing bodies of any governmental entity which constitute ordinary or gross negligence personal to the director or member or to intentional torts committed by a director or member.
A.C.A. § 16-120-103(a).
Political subdivisions such as municipalities are similarly granted limited immunity from liability in A.C.A. § 21-9-301, which states:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
A.C.A. § 21-9-301. This statute has been interpreted to apply to agents and governing bodies of political subdivisions. See Davis v. Fulton,884 F. Supp. 1245 (E.D. Ark. 1995); Autry v. Lawrence, 286 Ark. 501,696 S.W.2d 315 (1985). It should be noted that this provision has been applied only in situations involving tort liability, and that it contains an exception for claims covered by liability insurance. Moreover, the immunity granted by this statute does not include immunity from liability for intentional torts. See Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431
(1989).
As indicated previously, the applicability of the above-discussed statutory grants of immunity must be evaluated on a case-by-case basis and will depend largely upon the nature of the action from which immunity is sought.
Question 2 — If so, should the water utilities board operate in anadvisory capacity only?
It is my opinion that the possibility of the city council being held liable for acts of the utilities board does not create a legal requirement that the board act only in an advisory capacity. The issue of the scope of the utilities board's functions in relation to the city council will be governed by the provisions of the statutes under which the utilities board was created, rather than by the fact that the city council could be held liable for certain acts of the utilities board. I have not been provided with this information and therefore cannot opine with regard to this matter. However, I would advise the city council to consult with the city attorney as to the statutory source of the utilities board's creation, and evaluate the issue in light of the provisions of those statutes.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh