The Honorable Jodie Mahony State Senator 106 W. Main, Suite 406 El Dorado, AR 71730-3693
Dear Senator Mahony:
You have requested an Attorney General opinion concerning the potential liability of an Arboretum Committee.
You describe a situation involving a tract of land owned by a public school district. This tract is used as an arboretum and is leased to the Arkansas Department of Parks and Tourism. The entire tract has been designated as an Arkansas State Park. An operating agreement exists between the Department of Parks and Tourism and South Arkansas Community College (SACC), under which the day to day affairs of the arboretum are conducted by an "Arboretum Committee" that is appointed by the board of SACC. Money to operate the arboretum is received through an appropriation by the General Assembly to SACC. Other private gifts are administered through the college foundation and are subject to approval by the Arboretum Committee.
In light of the above-described scenario, you have asked:
 (1) Are the members of the Arboretum Committee individually or collectively liable for actions taken by them in their official capacity? If so, to what extent?
 (2) What statutes authorize the college or the committee to obtain protection in the form of insurance?
RESPONSE
Question 1 — Are the members of the Arboretum Committee individually orcollectively liable for actions taken by them in their official capacity?If so, to what extent?
I cannot provide a conclusive answer to this question, because the answer will depend upon the nature of the particular claim or allegation that is made against the committee members. An evaluation of potential liability must therefore be made on a case-by-case basis, with consideration given to all of the pertinent facts.
Nevertheless, it is my opinion that in certain circumstances as explained more fully below, the members of the Arboretum Committee may be entitled to limited immunity under Arkansas law.
The members of the Arboretum Committee may be entitled to limited immunity under the provisions of A.C.A. § 16-120-102, which state:
 (a) Except as otherwise provided by this chapter, no member of any board, commission, agency, authority, or other governing body of any governmental entity and no member of the board of directors of a nonprofit corporation that holds a valid federal income tax exemption issued by the Internal Revenue Service shall be held personally liable for damages resulting from:
 (1) Any negligent act or omission of an employee of the nonprofit corporation or governmental entity; or
 (2) Any negligent act or omission of another director or member of the governing body of the governmental entity.
A.C.A. § 16-120-102(a).
The Arboretum Committee in my opinion clearly constitutes a "governing body" of a "governmental entity" within the meaning of this statute, because it has the authority to govern the affairs of a state park. Accordingly, members of the committee are entitled to the immunity granted by this statute, if the allegation is one that is factually within the provisions of the statute.
The pertinent exception to the above-quoted grant of immunity is stated in A.C.A. § 16-120-103, as follows:
 (a) The immunity provided by this chapter shall not extend to acts or omissions of directors of nonprofit corporations or members of boards, commissions, agencies, authorities, or other governing bodies of any governmental entity which constitute ordinary or gross negligence personal to the director or member or to intentional torts committed by a director or member.
A.C.A. § 16-120-103(a).
The Arkansas Supreme Court has not interpreted the phrase "acts or omissions . . . personal to the director or member." When this phrase is given its common-usage meaning, which is appropriate in the absence of a statutory definition, see St. Paul Fire Marine Ins. v. GriffinConst., 338 Ark. 289, 993 S.W.2d 485 (1999), it appears to refer to acts or omissions that were not committed personally by the director or member. That is, the immunity granted in A.C.A. § 16-120-102(a) does not include immunity from liability for negligent acts committed by the member himself or herself. It also will not include immunity from liability for intentional acts of the member. Rather, this provision only grants immunity from vicarious liability for negligent acts or omissions committed by other directors or by employees of the governmental entity.
The members of the Arboretum Committee may also be entitled to immunity from tort liability pursuant to A.C.A. § 21-9-301, which states:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
A.C.A. § 21-9-301. This statute has been interpreted to apply to agents and governing bodies of political subdivisions. See Davis v. Fulton,884 F. Supp. 1245 (E.D. Ark. 1995); Autry v. Lawrence, 286 Ark. 501,696 S.W.2d 315 (1985). For this reason, it is my opinion that it should apply to members of the Arboretum Committee. As members of the committee, they operate under the authority of an agreement entered into between two state entities: the Arkansas Department of Parks and Tourism and SACC. Because the members of the committee act at the behest of those two state entities, it is my opinion that they are agents of those entities and are therefore entitled to the immunity that is granted in A.C.A. § 21-9-301.
It should be noted that this provision has been applied only in situations involving tort liability, and that it contains an exception for claims covered by liability insurance. Moreover, the immunity granted by this statute does not include immunity from liability for intentional torts. See Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431 (1989).
Finally, it should be noted that if a federal law claim is made against the members of the Arboretum Committee, they may be entitled to qualified immunity. Under the doctrine of qualified immunity, an individual is immune from trial if the actions complained of were taken in good faith in the performance of one's duties, and the acts do not violate any clearly established constitutional right. Harlow v. Fitzgerald,457 U.S. 800 (1982). The test for the applicability of qualified immunity turns upon the "objective legal reasonableness of the action," assessed in light of legal rules that were "clearly established" at the time the action was taken. See Anderson v. Creighton, 483 U.S. 635 (1987). The immunity is "qualified" because it does not obtain where the activity is in violation of clearly established law that a reasonable person would have known.Robinson v. Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987); Matthews v.Martin, 280 Ark. 345, 658 S.W.2d 374 (1983).
I reiterate that the applicability of all of the above-discussed types of immunity must be evaluated on a case-by-case basis and will depend largely upon the nature of the action from which immunity is sought.
Question 2 — What statutes authorize the college or the committee toobtain protection in the form of insurance?
Any authority of the committee to enter into a contract for insurance would derive from the agreement between SACC and the Department of Parks and Tourism that created the committee. The committee can contract for insurance coverage only if the agreement the created the committee empowered it to do so.
The college's authority to obtain insurance is derived from the statutes that govern community colleges. Under the provisions of A.C.A. §6-61-523, the boards of community colleges are empowered to "enter into contracts." This is a broad grant of authority, and nothing in the statute would indicate that it could not encompass the authority to enter into contracts for insurance for agents of the college. It should beremembered, however, that under the provisions of A.C.A. § 21-9-301,immunity will not apply to the extent of liability insurance coverage.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh