The Honorable Randy Laverty State Senator P.O. Box 165 Jasper, Arkansas 72641
Dear Senator Laverty:
I am writing in response to your request, on behalf of the Administrator of the Carroll and Madison Library System, for an opinion on whether the "Carroll and Madison Library System Administrative office" has tort immunity. You state that: "[t]he Carroll and Madison Library System Administrative office serves as the regional headquarters for the three libraries in Carroll County and the three libraries in Madison County. The office is housed in a room adjacent to the Berryville Public Library and is rented from the Berryville Public Library Board."
RESPONSE
As an initial matter, I should note that political subdivisions and employees thereof enjoy statutory tort immunity under state law. The immunity does not run to locations, such as an "office," but rather to the governmental entities, officers or employees who might be sued. It is my understanding that the Carroll and Madison County Library System (the "System"), was created by an Interlocal Cooperation Agreement between the two counties. If this is in fact the case, in my opinion the Board and its officers and employees are in all likelihood entitled to the statutory immunity provided at A.C.A. § 21-9-301. I should note, however, that for purposes of federal law, and federal causes of action, a different "qualified" immunity will apply.
I assume that the Carroll and Madison County Library System was created under the "Interlocal Cooperation Act," A.C.A. § 25-20-101 to -108 (Repl. 2002). See also Op. Att'y Gen. 2000-009 (approving an interlocal agreement for a regional library for Carroll and Madison Counties under A.C.A. § 25-20-104(f) and A.C.A. § 13-2-401 to -408). The "Interlocal Cooperation Act" in general, and A.C.A. § 13-2-401 in particular, allow counties to join together to operate joint public library services or systems.
Because it appears that the actions of the Carroll and Madison Library System are in effect the actions of two counties acting jointly, in my opinion the System is in all likelihood covered by the provisions of A.C.A. § 21-9-301, which provides as follows:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
It should be noted that this provision has been applied only in situations involving tort liability, and that it contains an exception for claims covered by liability insurance. See City of Caddo Valley v.George, 340 Ark. 203, ___ S.W.3d ___ (2000). Moreover, the immunity granted by this statute does not include immunity from liability for intentional torts. See Deitsch v. Tillery, 309 Ark. 401, 833 S.W.2d 760
(1992); Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431 (1989).
Although A.C.A. § 21-9-301 speaks only in terms of the immunity of the political subdivision itself (and its "boards, commissions, agencies, authorities or other governing bodies), the Arkansas Supreme Court has interpreted the statute as extending immunity to officers and employees of the political subdivisions as well when they negligently commit acts or omissions in their official capacities. See, e.g., Autry v. Lawrence,286 Ark. 501, 696 S.W.2d 315 (1985) (stating that it was the intent of the General Assembly in enacting A.C.A. § 21-9-301 to grant immunity to municipal agents and employees for acts of negligence committed in their official capacities).[1]
In my opinion, therefore, this statute is in all likelihood applicable to the board, officers and employees of the System.
I should note, however, that a different standard of immunity will apply in federal court. For example, if a federal law claim is made against the System, its officers or employees, "qualified immunity" under federal law may apply. Under the doctrine of qualified immunity, an individual is immune if the actions complained of were taken in good faith in the performance of one's duties, and the acts do not violate any clearly established constitutional right. Saucier v. Katz, 533 U.S. 194 (2001);Harlow v. Fitzgerald, 457 U.S. 800 (1982). The test for the applicability of qualified immunity turns upon the "objective legal reasonableness of the action," assessed in light of legal rules that were "clearly established" at the time the action was taken. Id.; Anderson v.Creighton, 483 U.S. 635 (1987). The immunity is "qualified" because it does not obtain where the activity is in violation of clearly established law that a reasonable person would have known. Id.; Robinson v.Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987); Matthews v. Martin,280 Ark. 345, 658 S.W.2d 374 (1983).
The tort immunity of the System, or its officers or employees, in relation to particular facts and circumstances would have to evaluated based upon such facts and circumstances. The general law surrounding tort immunity, however, which in my opinion attaches to the System, is detailed above.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] System Board members may also be eligible for vicarious tort immunity for the actions of other officers and employees of the System under A.C.A. § 16-120-102 (Supp. 2003).