The Honorable Shane Broadway State Senator 201 S.E. 2d Street Bryant, Arkansas 72022
Dear Senator Broadway:
I am writing in response to your request for my opinion on the following questions:
 1. If a property owner has suffered damage to their [sic] home due to the negligence of a municipal waste water utility facility, does such facility possess immunity from a civil action instituted by the property owner in a state or federal court?
 2. If the answer to the above question is "yes," is there another forum, such as the State Claims Commission, that has the authority to hear such an action?
RESPONSE
With respect to your first question, the aggrieved property owner could only pursue a claim for negligence in state court, and only then if the city carried liability insurance. A.C.A. § 21-9-301. The answer to your second question is "no." The State Claims Commission is only authorized to hear claims against the state and its agencies, not against municipalities or their agencies. A.C.A § 19-10-204(a).
Question 1: If a property owner has suffered damage to their [sic] homedue to the negligence of a municipal waste water utility facility, doessuch facility possess immunity from a civil action instituted by theproperty owner in a state or federal court?
As noted above, I believe the answer to this question is "yes," unless the city is covered by liability insurance.
Section 21-9-301 of the Code provides:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
This statute applies only in situations involving tort claims such as the negligence referenced in your question, and it establishes an express exception to tort immunity when a claim is covered by liability insurance. See City of Caddo Valley v. George, 340 Ark. 203, 9 S.W.3d 481
(2000). Moreover, the immunity granted by this statute does not include immunity from liability for intentional torts. See Deitsch v. Tillery,309 Ark. 401, 833 S.W.2d 760 (1992); Battle v. Harris, 298 Ark. 241,766 S.W.2d 431 (1989). However, negligence is not an intentional tort, and this latter exception to immunity consequently could not apply under the circumstances described in your question.
Although A.C.A. § 21-9-301 speaks only in terms of the immunity of the political subdivision itself (and its "boards, commissions, agencies, authorities or other governing bodies"), the Arkansas Supreme Court has interpreted the statute as extending immunity to officers and employees of the political subdivisions as well when they negligently commit acts or omissions in their official capacities. See, e.g., Autry v. Lawrence,286 Ark. 501, 696 S.W.2d 315 (1985) (stating that it was the intent of the General Assembly in enacting A.C.A. § 21-9-301 to grant immunity to municipal agents and employees for acts of negligence committed in their official capacities). Under the circumstances you have described, then, the aggrieved homeowner would have a claim against the municipality only if the municipality carried liability insurance.[1]
Question 2: If the answer to the above question is "yes," is thereanother forum, such as the State Claims Commission, that has theauthority to hear such an action?
In my opinion, the answer to this question is "no." The State Claims Commission is an arm of the legislature whose statutory authority is set forth in the following:
 Except as otherwise provided by law, the Arkansas State Claims Commission shall have exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments, and institutions but shall have no jurisdiction of claims against municipalities, counties, school districts, or any other political subdivisions of the state.
A.C.A. § 19-10-204(a). The Claims Commission is authorized only to entertain claims against the state and its agencies, not against cities and their agencies. No other body is authorized to entertain a tort claim against a city that is subject to the statutory immunity set forth at A.C.A. § 21-9-301.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] A different standard of "qualified immunity" would apply if an action arose under federal law. Anderson v. Creighton, 483 U.S. 635
(1985); Robinson v. Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987);Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983) (holding that qualified immunity will not apply if the challenged conduct violates clearly established law that a reasonable person would have known). However, because negligence is a state, not a federal, claim, your question does not raise any issue of qualified immunity.