STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHRIS LANG, PLAINTIFF IN ERROR.

Submitted March 22, 1915—Decided June 14, 1915:

1. The trial judge, after charging the jury that they were to take all the testimony in the case and say whether or not the defendant told the truth, and after they had considered all the testimony then they were to take into consideration the question of reasonable doubt, proceeded as follows: "If there be any reasonable doubt in your mind as to his guilt, then, of course, you are to give him the benefit of the doubt and declare him not guilty. And in this connection I would say he has produced here a number of witnesses who have sworn to his good character; they say that they have known him for several years last past, and that he has been a man of good character. In considering the testimony of the case, if you feel undecided as to what you ought to do, then you ought to take into consideration the testimony that was given concerning his character, and if that casts a reasonable doubt, in connection with the other testimony, upon his guilt, you must give him the benefit of that doubt." Held, error, because the defendant was entitled to have all the relevant testimony including that relating to his good character and reputation, considered by the jury at the same time, and if there was a reasonable doubt of guilt, even if that doubt were engendered by previous good repute, he was entitled to be acquitted. Such right was denied to the defendant, when, by way of qualification and limitation, the trial judge further charged as above stated, that "in considering the testimony of the case, if you feel undecided as to what you ought to do, then you ought to take into consideration the testimony that was given concerning his character, and if that casts a reasonable doubt, in connection with the other testimony, upon his guilt, you must give him the benefit of that doubt." Baker v. State, 53 N. J. L. 45, approved and applied.

2. When part of a charge is unsound and no proper qualification of it is to be found in the context or in the entire charge, there is error; and this is so when the erroneous part is in and of itself a particular qualification and limitation of language which, without such qualification and limitation, is unobjectionable.

On error to the Supreme Court.

For the plaintiff in error, William R. Wilson.

For the defendant in error, *Alfred A. Stein,* prosecutor of the pleas, and *Martin P. O'Connor,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The defendant was convicted of keeping a disorderly house and brings error.

The jury was charged, *inter alia:*

"If there be any reasonable doubt in your mind as to his guilt, then of course, you are to give him the benefit of the doubt and declare him not guilty. And in this connection I would say he has produced here a number of witnesses who have sworn to his good character; they say that they have known him for several years last past, and that he has been a man of good character. In considering the testimony of the case, if you feel undecided as to what you ought to do, then you ought to take into consideration the testimony that was given concerning his character, and if that casts a reasonable doubt, in connection with the other testimony, upon his guilt, you must give him the benefit of that doubt."

The Supreme Court in a *per curiam* affirmed the judgment of conviction, and held that the general exception to the charge raised the question of the soundness of the proposition charged in the formula above stated, and remarked that what was charged was sound enough as far as it went. The record discloses that the question was also raised by a specific exception to the charge, and by the specification of a cause for reversal under section 137 of the Criminal Procedure act, the entire record of the proceedings had upon defendant's trial having been brought up under section 136.

We think the trial judge erred in his charge in the respect above mentioned, and that therefore the judgment of the Supreme Court should be reversed and the cause remitted for a new trial.

Testimony as to the defendant's good character was introduced as part of the defence. The trial judge as above stated said that "in considering the testimony of the case, if you feel undecided as to what you ought to do, then you ought

to take into consideration the testimony that was given concerning his character, and if that casts a reasonable doubt, in connection with the other testimony, upon his guilt, you must give him the benefit of that doubt."

This runs counter to the decision of the Supreme Court in *Baker* v. *State,* 53 *N. J. L.* 45, where Mr. Justice Dixon, speaking for the court, said (at *p.* 47) :

"The court also charged the jury as follows: 'There is some evidence as to the defendant's good character for peace and quietness. In a doubtful case evidence of character for peace and quietness is to be taken the same as any other evidence by the jury and weighed with the other evidence. But if there is no doubt, evidence of good character does not amount to anything.'

"The import of this charge is, that when, laying out of view the evidence of good character, the case is doubtful, then the evidence of good character is to be weighed by the jury with the other evidence; but when, laying out of view evidence of good character, there is no doubt, then such evidence does not amount to anything. Such a charge is erroneous. It is the right of a person charged with crime to have all the relevant testimony, including that relating to his good character or reputation, considered by the jury in every case, and if, on such consideration, there exists reasonable doubt of his guilt, even though that doubt be engendered merely by his previous good repute, he is entitled to an acquittal. *Remsen* v. *People,* 43 *N. Y.* 6; *Commonwealth* v. *Leonard,* 140 *Mass.* 473. The remark of Kinsey, C. J., in *State* v. *Wells,* 1 *N. J. L.* 424, 429, so far as it indicates a contrary opinion, is merely *obiter dictum.* The principle above stated holds even in cases where the crime consists of a single misdeed, of which many a person of good reputation may be guilty; in cases like the present, where guilt implies the notorious practice of a vicious habit, a general reputation of a contrary disposition seems to be direct evidence of innocence, and therefore entitled to the greater weight."

In *Bish. New Cr. Pro.* (2d ed.), § 1116, treating of character evidence, it is laid down:

"The weight of this evidence is for the jury, who in arriving at their verdict should consider it, not as something detached from the rest of the proofs,' but in combination with all. Consistently wherewith the court may, and commonly does, make to them pertinent observations varying with the case; as, that a good character can have little practical effect against direct and otherwise satisfactory proofs, cannot turn the scale against conclusive evidence of guilt, will not justify a verdict of not guilty if the jury are convinced of guilt beyond a reasonable doubt, but may prevail in a case more evenly balanced; and if, after giving the good character of the defendant the weight in the case they think it deserves, they are not satisfied of his guilt beyond a reasonable doubt, they should acquit him."

This is undoubtedly the true rule, and it accords with that laid down by Mr. Justice Dixon, speaking for the Supreme Court in *Baker* v. *State, supra.*

It is plainly observable that the trial judge instructed the jury that it was only if they felt undecided as to what they ought to do then they should take into consideration the character testimony. In other words, they were first to consider all the testimony, saving and excluding the character testimony, and, if then undecided, to give the defendant the benefit of the character evidence. Now, plainly, if the jury, without considering the character evidence, believed the defendant guilty, they were to convict him. They did convict him. It may well be that they never reached a consideration of the character evidence at all. Presumably they did not.

The judgment under review, as already stated, is presented upon the entire record of the proceedings had upon the trial of the case in the Union County Quarter Sessions. It was decided by this court in *State* v. *Zdanowicz,* 69 *N. J. L.* 619, that, in such a situation, the reviewing court is not restricted to the consideration of a portion of a charge severed from its context and the rest of the charge as made by the trial judge, under a general exception and assignment of error upon such portion. But, this court in *State* v. *Merkle,*

83 *Id.* 677, also held, that, under our criminal procedure, a review may be had under a single writ of error—*first,* of errors properly assigned upon the record or bills of exceptions; and *secondly,* of matters appearing in the trial record disclosing that manifest wrong and injury has resulted to the plaintiff in error from the judicial conduct of the trial in certain specified matters, when the entire record of the proceeding had upon the trial is brought up under section 136 of the Criminal Procedure act, quoting, with approval, *State* v. *Lyon,* 70 *Id.* 635, wherein it was held that the review provided for by section 136 was not designed to supersede a review of matters reviewable under assignments of error. Therefore, if reversible error resides in the charge of the court in the case at bar, to which a specific · exception was directed—being that part of the charge with reference to character evidence, above set out—it is our duty to reverse the judgment. But if the rule laid down in the Zdanowicz case were applicable, and we were required to consider, not only the portion of the charge excepted to but also its context and other parts, still there should be a reversal in this case. And for this reason: After instructing the jury as to the crime for which the defendant was put on trial, the judge went on to discuss the testimony of particular witnesses, and, also, the concrete facts, and then proceeded to charge as follows:

"You are to take all the testimony in the case; you are to say whether he had or not told the truth when he says that he did not sell on Sunday to Barton, to Styler, to Kennar, or to anybody else. You are to say whether he has sold to them on that day, or on any other Sunday within two years last past, and after you have considered all the testimony in the case then you are to take into consideration the question of reasonable doubt."

And then, in conclusion, he charged the formula excepted to, and which will be here repeated so that the entire portion of the charge which deals with the matter under consideration may conspicuously appear. It is included in the above and the following quotation:

"If there be any reasonable doubt in your mind as to his guilt, then, of course, you are to give him the benefit of the doubt and declare him not guilty. And in this connection I would say he has produced here a number of witnesses who have sworn to his good character; they say that they have known him for several years last past; and that he has been a man of good character. In considering the testimony in this case, if you feel undecided as to what you ought to do, then you ought to take into consideration the testimony that was given concerning his character, and if that casts a reasonable doubt, in connection with the other testimony, upon his guilt, you must give him the benefit of that doubt."

Now, it is true that the judge told the jury that they were to take into consideration all of the testimony in the case, but followed that with the limiting instruction that *after* they had considered all the testimony then they were to take into consideration the question of reasonable doubt, and that too only if they had a doubt without having taken into consideration the character evidence.

Therefore, it clearly appears, that the general observation made by the judge that the jury were to take all the testimony in the case, and upon that say whether or not the defendant was guilty—permitting them, only after considering all the other testimony, to take into consideration the question of reasonable doubt—they were, in reality, instructed not to take into consideration, nor to give to the defendant the benefit of, a reasonable doubt which might exist by reason of his good character, unless, upon the consideration of all the other testimony (excluding the character testimony), they felt undecided as to what they ought to do. This as shown is contrary to the rule in *Baker* v. *State, supra,* wherein it was held that it is the right of a defendant to have all the relevant testimony *including that relating to his good character or reputation* considered by the jury, and if there be a reasonable doubt of guilt even if engendered by previous good repute, he is entitled to be acquitted. Plainly the defendant was entitled to have the evidence concerning his

character considered at the same time and along with the other testimony.

In *Huebner, Administrator*, v. *Erie Railroad Co.,* 68 *N. J. L.* 468, where the judge instructed the jury as requested upon a certain question, but so modified that request by other instructions as to likely mislead the jury and thereby harm the defendant, a new trial was granted. That was a civil suit. The rule will be applied with equal, if not greater, liberality in a criminal case.

It appears that it is only when sentences extracted from a charge, if read apart from their connection with the rest need qualification, and the qualification is given in the context so that the jury could not possibly have been misled, there is no error. *Redhing* v. *Central Railroad Co.,* 68 *N. J. L.* 641, 646.

Certainly, when sentences; that is to say, parts of a charge are erroneous and no proper qualification of them is to be found in the context or in the entire charge, then there is error; and this is so, when, as in this case, the part of the charge pointed out as erroneous is in and of itself a particular qualification and limitation of language which, without such qualification and limitation, is unobjectionable.

*For affirmance*—SWAYZE, BLACK, JJ. 2.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, BERGEN, KALISCH, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 9.