### JACOBS v. PARHAM.

#### Opinion delivered October 17, 1927.

1. OFFICERS—REMOVAL FOR ACTS DONE PRIOR TO TERM OF OFFICE.— Under Crawford & Moses' Dig., § § 10335, 10336, a public officer is not subject to removal from office because of acts done prior to his present term of office in view of Const., art. 7, § 27, containing no provision against re-election of officer removed for any of the reasons named therein.

2. STATUTES—CONSTRUCTION OF PENAL STATUTES.—Penal statutes are to be strictly construed.

Certiorari to Desha Circuit Court; *T. G. Parham,* Judge; judgment quashed.

*R. W. Wilson* and *Utley & Hammock,* for appellant.
*Eric M. Ross,* for appellee.

PER CURIAM. T. R. Jacobs seeks by certiorari to review the proceeding in the circuit court of Desha County whereby he was suspended from the office of county judge of said county upon the filing of several indictments against him, charging him with misfeasance and malfeasance in office.

The body of the order of suspension reads as follows:

"Now on the 23rd day of August, 1927, there were filed in this court certain indictments returned by the grand jury of Desha County, charging the said T. R. Jacobs with the crimes of making excessive allowances against said county after the revenues of said county had become exhausted, a malfeasance in office, and charging also two offenses constituting misfeasance in office; and it appearing to the court that the said T. R. Jacobs is now the duly elected, qualified and acting county and

probate judge within and for said county. It is therefore
considered, ordered and adjudged by the court that the
said T. R. Jacobs be and he is hereby suspended from
said office of county and probate judge of Desha County,
and enjoined and prohibited from performing any of the
acts and duties incumbent on him as such county and pro-
bate judge, pending the trial of such charges."

Certified copies of the indictments were also filed by
Jacobs with his petition, and are a part of the record in
the proceeding. They show on their face that Jacobs
was indicted for misdemeanors, and that the charges
relate to matters which are alleged to have occurred dur-
ing a former term of T. R. Jacobs, as county judge of
Desha County, Arkansas. The order of suspension was
made under § 10335 of Crawford & Moses' Digest, which
reads as follows:

"Whenever any presentment or indictment shall be
filed in any circuit court of this State against any county
or township officer, for incompetency, corruption, gross
immorality, criminal conduct amounting to a felony, mal-
feasance, misfeasance or nonfeasance in office, such cir-
cuit court shall immediately order that such officer be
suspended from his office until such presentment or
indictment shall be tried. Provided, such suspension
shall not extend beyond the next term after the same shall
be filed in such circuit court, unless the cause is con-
tinued on the application of the defendant."

Section 10336 provides that, upon the conviction
of any such officer for any such offense, a part of the
sentence of the circuit court having jurisdiction shall be
to remove such officer from office.

We have no decision of our own court construing
the precise question raised by this proceeding. Other
states, however, have similar statutes, and there is a
decided conflict in the cases as to whether such statutes
provide for the removal of public officers for misconduct
during a previous term. The conflicting decisions are
annotated in a case-note to 17 A. L. R., beginning at page
279. The annotator says that the cases, numerically
considered, are nearly evenly divided. Those favoring

the construction that an officer may be removed for offenses committed during a previous term say that this holding best carries out the object and purpose of such statutes. It is pointed out that the object of such statutes is to rid the community of a corrupt, incapable or unworthy official. It is also pointed out that his acts during his previous term quite as effectually stamp him as such an officer as those of that term he may be serving. It is said that reelection does not condone the offense, because his misconduct during some previous term may not have been discovered prior to the election. It is said that the commission of any of the prohibited acts during a previous term equally stamps him as an improper person to be intrusted with the duties of a particular office as those committed during the present term of such office.

On the other hand, it is said that the courts should never remove a public officer for acts done prior to his present term of office. It is pointed out that to hold otherwise would be to deprive the people of their right to elect their officers. It is said that, when the people have elected a man to office, it must be assumed that they do this with knowledge of his life and character, and that they disregarded or forgave his faults of misconduct, if he had been guilty of any. Otherwise, it has been said, the courts would be enabled, by reason of faults or misconduct of an officer during a former term, to practically overrule the will of the people. Hence it is said that it was the intention of the lawmakers in framing such statutes that the inquiry should be limited to acts done during the existing term of office.

We are of the opinion that the latter view is most in accordance with the provisions of our own Constitution and with the language of the statute in question. Such statutes are penal in their nature, and, under familiar rules of construction, are to be strictly construed as to their effect.

Article 7, § 27, of our Constitution provides that the circuit court shall have jurisdiction, upon indictment, to remove any county or township officer from office for

incompetence, corruptness, gross immorality, illegal conduct, malfeasance, misfeasance or nonfeasance in office. There is no prohibition in this section or in other parts of the Constitution from reelecting such officer. His removal operates by way of punishment, and the evident purpose of the section is to rid the people of officers who are guilty during their term of office of the matters enumerated in the section of the Constitution just referred to. It was deemed best for the public interest that an officer guilty of any of the offenses set out in the section during his term of office should not continue to serve the people after he was convicted of such an offense. The statute under consideration provides for a temporary suspension of the officer during the time an indictment is pending against him, and, we think, means that the indictment must be for acts committed during his existing term of office. Under our Constitution and laws, each term of office is an entity, separate and distinct from all other terms of the same office.

We are of the opinion that the better view is that the specific object of the Legislature in passing the statute in question was to suspend the officer, if indicted for misconduct during his existing term of office, and, as a part of his punishment, to remove him if convicted of that offense. The purpose of the statute was not to punish the officer for wrongdoing outside of his present term, but to punish him for wrongdoing during his existing term. In other words, the object of the statute was to protect the people from unworthy officers while they were serving as such officers. By this construction, past conduct could always be disregarded or past offenses condoned, and existing offenses could be punished, and officers indicted for present wrongdoing can be suspended from office during the pendency of such indictment.

The result of our views is that the judgment of the circuit court suspending Jacobs from the office of county judge should be quashed. It is so ordered.