MONTGOMERY v. NOWELL.

Opinion delivered June 22, 1931.

*R. W. Robins* and *George F. Hartje,* for petitioner.

PER CURIAM. H. W. Montgomery seeks to have quashed by this court an order of the circuit court of Faulkner County by which he was suspended from office as circuit clerk and recorder of Faulkner County, and R. A. Nowell temporarily appointed to fill the vacancy.

The record shows that H. W. Montgomery was duly elected circuit clerk of Faulkner County at the general election in November, 1930, and duly qualified and entered upon the discharge of his duties. On June 1, 1931, the grand jury of Faulkner County returned three indictments against him, charging him with the offense of embezzlement, alleged to have been committed while he was treasurer of Faulkner County prior to the beginning of his term as circuit clerk. On the return of the indictments, the circuit court suspended him from office under the provisions of § 10,335 of Crawford & Moses' Digest. Immediately after making the order, the court adjourned until the next term, which will commence on the first Monday in November, 1931. R. A. Nowell was temporarily appointed in his place under the provision of § 10,338 of the Digest. The parties have agreed that the above statement is a correct copy of the record in the matter.

The order of the circuit court was wrong. In *Jacobs v..Parham,* 175 Ark. 86, 298 S. W. 483, it was held that each term of office is a separate entity and that § 10,335 of the Digest does not provide for the suspension of an indicted officer except for offenses committed during the term, and that suspension may not be had for official mis-

conduct during the prior term of office for which he may be indicted. That case rules the present proceedings, and it may be said that in 46 C. J., at page 986, the author says that offenses committed during a previous term of office are generally held not to furnish cause for removal. It follows that the order of the circuit court suspending H. W. Montgomery from the office of circuit clerk must be quashed, and it is so ordered.