RICE *v.* STATE.

4257                                      161 S. W. 2d 401

Opinion delivered May 4, 1942.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was tried upon an indictment containing two counts. The first count alleged that he had embezzled certain public funds which had come into his hands as treasurer of Ashley county. The second count charged that he had failed to pay over these funds to his successor in office. He was found guilty under the first count and given a sentence of five years in the penitentiary, from which judgment is this appeal.

Appellant has not favored us with a brief in the case, and we have before us a bill of exceptions which does not contain any of the testimony heard at the trial. The presumption that the testimony was sufficient to support the verdict is, therefore, conclusive.

The bill of exceptions does contain the instructions, and there were fifteen of them, and it appears that a general objection was interposed to each of them. The

thirteenth assignment of error in the motion for a new trial is that the court erred in giving each of these instructions over the general objections and exceptions of appellant. The instructions were not objected to *en masse*, but separately, and we have, therefore, so considered them, but we do not feel called upon to set them out in this opinion and to approve them separately. Most of the instructions are what might be called "the usual instructions in criminal cases," and this assignment of error will be disposed of by saying that we find no error in any of the instructions.

The bill of exceptions recites that appellant objected to the competency of Luther Franklin to serve upon the grand jury which returned the indictment. The basis of the objection was that Franklin had unsuccessfully opposed appellant as a candidate for the office of clerk of the circuit court, to which office appellant was elected while serving as county treasurer. Franklin was asked, "Would that fact in any manner bias or prejudice you in your part of the investigation to be had of his (appellant's) affairs and as a member of this body?" and he answered that "It would not."

The statute provides (§ 3827, Pope's Digest) that "Every person held to answer a criminal charge may object to the competency of anyone summoned to serve as a grand juror, before he is sworn, on the ground that he is the prosecutor or complainant upon any charge against such person, or that he is a witness on the part of the prosecution, and has been summoned or bound in a recognizance as such; and, if such objection be established, the person so challenged shall be set aside."

There was no testimony that Franklin was the prosecutor or complainant or that he had been summoned or bound in a recognizance as such, and the challenge of Franklin as a grand juror was, therefore, properly overruled.

It appears also that appellant excepted to the action of the court in excusing for cause one C. L. Miller, a member of the petit jury panel, who, upon his *voir dire* examination, expressed his distrust of circumstantial

evidence, and stated that "I believe lots of fellows have been convicted on circumstantial evidence that was not guilty."

This assignment of error may be disposed of by saying that it has been many times held that no one is entitled to the services of any particular juror.

The only other assignment of error appearing in the bill of exceptions relates to the following statement made by the prosecuting attorney in his closing argument that "He (appellant) is holding an office he cannot be put out of unless and until you go down the line and convict him." We cannot hold this statement erroneous, as it is a correct statement of the law.

It was held in the case of *Jacobs* v. *Parham*, 175 Ark. 86, 298 S. W. 483, to quote a headnote, that "Under Crawford & Moses' Dig., §§ 10335, 10336, a public officer is not subject to removal from office because of acts done prior to his present term of office in view of Const., art. 7, § 27, containing no provision against re-election of officer removed for any of the reasons named therein."

In the later case of *Montgomery* v. *Nowell*, 183 Ark. 1116, 40 S. W. 2d 418, the headnote reads as follows: "Crawford & Moses' Dig., § 10335, providing for suspension of an officer on presentment or indictment for certain causes including malfeasance in office does not provide for suspension of an officer on being indicted for official misconduct during a prior term of office."

As no error appears, the judgment must be affirmed, and it is so ordered.