The Honorable Don McSpadden Prosecuting Attorney Sixteenth Judicial District 368 East Main Street P.O. Box 2051 Batesville, Arkansas 72503
Dear Mr. McSpadden:
This is in response to your request for an opinion on whether an elected constable in Independence County can hold office if it is discovered that he has been convicted of a felony in Missouri. You have enclosed with your request a copy of the Missouri "Criminal Action Sentence and Judgment" and an "Order Granting Parole."
It is my opinion that the answer to your question will depend upon the nature of the order of conviction in Missouri, and whether the conviction has been subsequently expunged. It appears from a review of the Missouri court papers that a conviction was in fact entered, and the defendant was sentenced, although he was granted parole by the court on the same day he was convicted, May 18th, 1965. In my opinion, unless there is a later expungment of the record, or some facts showing that a conviction was never entered, he is ineligible to hold the office of constable.
There are several constitutional provisions and at least one statute that render persons convicted of felonies ineligible to hold public office in Arkansas. A primary consideration when discussing county and township officials is Arkansas Constitution art. 7, § 27. It provides as follows:
 The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.
Enabling legislation for this provision is found at A.C.A. § 21-12-302. In my opinion, however this provision may be inapplicable to the facts you describe. It has been held that this provision has no applicability to acts committed prior to a present term of office. Rice v. State,204 Ark. 236, 161 S.W.2d 401 (1942) and Jacobs v. Parham, 175 Ark. 86,298 S.W. 483 (1927). It contemplates removal from office for acts committed during the current term.
When faced with criminal convictions occurring prior to a person's acceptance of public office, the Arkansas Supreme Court has relied upon other provisions of the Arkansas Constitution. See e.g., State ex rel.Attorney General v. Irby, 190 Ark. 786, 81 S.W.2d 419 (1935), certdenied, 296 U.S. 616 (1935); (holding that art. 5, § 9 prohibited a county judge from holding office in light of a felony conviction occurring prior to his term of office). See also Wills, "ConstitutionalCrises: Can the Governor (Or Other State Officeholder) Be Removed FromOffice In a Court Action After Conviction of a Felony?" 50 Ark. L. Rev. 221, 231-232 (1997).
There is at least one other constitutional provision and one statute that render persons convicted of felonies ineligible to hold public office in Arkansas.[1] Arkansas Constitution, art. 5, § 9 provides that: "[n]o persons hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime shall be eligible to the General Assembly or capable of holding any office or [sic] trust or profit in this State." This provision has been held applicable to "all public offices in the State" and renders felons "ineligible for holding office in perpetuity."Allen v. State, 327 Ark. 350, 939 S.W.2d 270 (1997). Section 16-90-112(b) of the Arkansas Code provides that "[e]very person convicted of bribery or felony shall be excluded from every office of trust or profit and from the right of suffrage in this state." A pardon is not sufficient to restore eligibility under art. 5, § 9. See Ridgeway v. Catlett,238 Ark. 323, 379 S.W.2d 277 (1964); State ex rel. Attorney General v. Irby,190 Ark. 786, 81 S.W.2d 419 (1935), cert denied, 296 U.S. 616 (1935); andState v. Carson, 27 Ark. 469 (1872). See also generally, In re Petitionof Anderson, 312 Ark. 447, 851 S.W.2d 408 (1993) and 58 A.L.R.3rd 1191 (stating that there is general agreement among the courts that the granting of a pardon will not restore him to public office which he has forfeited as a result of his conviction). An expungement, however, is sufficient to restore such eligibility. See Powers v. Bryant,309 Ark. 568, 832 S.W.2d 232 (1992). In addition, issues may arise as to whether a particular court disposition (e.g., a "suspended imposition of sentence") is ever considered a "conviction" for purposes of the provisions above. It has been held that a suspended imposition of sentence is not sufficient to create ineligibility to hold public office. See Martinv. Hefley, 259 Ark. 484, 533 S.W.2d 521 (1976) and May v. Edwards,258 Ark. 871, 529 S.W.2d 647 (1975). See also Campbell v. State,300 Ark. 570, 781 S.W.2d 14 (1989) (ousting county judge from office under art. 5, § 9, but stating that "if the judgment actually failed to impose a sentence . . . a different result might be required"),citing Owens v. State, 86 Ark. 317, 111 S.W. 466 (1908) and Tucker v. State,248 Ark. 979, 455 S.W.2d 888
(1970). See also generally, Merritt v. Jones, 259 Ark. 380,533 S.W.2d 497 (1976); Op. Att'y. Gen. 91-425 (opining that, for purposes of holding public office, suspended imposition of sentence is not a conviction, but a suspended execution of sentence is); People v. Fabian,192 N.Y. 443, 85 N.E. 672 (1908) (which appears to be the seminal case);Slawik v. Folsom, 410 A.2d 512 (Del. 1979); 10 A.L.R. 5th 139 at § 11 (b); 36 A.L.R. 2d 1238 and later case service at 250.
The Missouri court documents enclosed with your request indicate that the defendant pleaded guilty to a felony. The "court thereupon fixes the punishment of the defendant at imprisonment in an institution to be designated by the Department of Corrections of the State of Missouri in accordance with law for a term of Two (2) years and pronounces sentence in accordance therewith." The Missouri judgment goes on to state:
 WHEREFORE, it is by the court considered, ordered, adjudged and decreed that the said defendant shall be confined in the custody of the Department of Corrections of the State of Missouri in an institution or institutions designated by said department in accordance with law for a period of Two years to commence on the 18th day of May, 1965, and that the State of Missouri have and recover of the defendant its costs herein expended and that execution issue thereof, and the defendant is remanded to the custody of the sheriff, to be by him delivered to the reception center of the Department of Correction and a certified copy of this judgment is to be delivered by said sheriff to the Division of Classification and Assignment of the Department of Correction in accordance with law. And the said Department of Correction shall receive and safely keep the said defendant until the judgment of the court herein be complied with or the said defendant shall be otherwise discharged in accordance with law.
The second page enclosed with your request is an "Order Granting Parole," which appears to have been executed on the same date as the order above. The court stated: "[i]t is ordered by the court that the defendant . . . be and is hereby, granted a parole under supervision of the State Probation and Parole Officer until further order of this Court, on condition that the defendant abides by the Conditions of Parole as specified by the Missouri Board of Probation and Parole. . . ."
It appears that the defendant was actually "convicted" of the felony charge, and sentence imposed, although he was granted parole on the same day. This would be sufficient to render him ineligible under Arkansas law. See e.g., Sutherland v. Arkansas Department of Insurance,250 Ark. 903, 467 S.W.2d 724 (1971) (applying Arkansas law to interpret effect of California conviction in license revocation proceeding). Absent a later expungment of the record, therefore, or some other facts indicating that these documents do not evidence a "conviction," the constable you describe is in all likelihood ineligible to hold office as constable.
There is some question as to the proper procedure for the removal of such a constable. The county quorum court is given the power to declare vacancies in certain offices under specified conditions including where "the incumbent is convicted of a felony, incompentency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance, or nonfeasance in office by judicial proceedings." A.C.A. § 14-14-1308 (8). See also
A.C.A. § 14-14-1309. This language appears to track Arkansas Constitution, art. 7, § 27, and it is unclear whether it was intended to apply to situations where a pre-existing felony conviction is discovered. As noted above, that constitutional provision does not apply to conduct occurring prior to the present term of office. Another possible avenue of removal, however, is A.C.A. § 16-118-105, the so-called "usurpation statute." It places a duty on the prosecuting attorney to remove certain county officeholders who are ineligible or "usurping" their offices. SeeFarnsworth v. White County, 312 Ark. 574, 851 S.W.2d 451 (1993) (holding a constable, at least for some purposes, a county officer) . See also,Campbell v. State, supra (where prosecuting attorney cited both A.C.A. §16-118-105 and A.C.A. § 21-12-302 in action to remove a county judge from office).
Until some official action is taken, however, in my opinion the constable you describe may continue to lawfully serve as constable, and his prior acts as such are valid under the "de facto officers" doctrine. It has been held under this doctrine that: "[a] person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment is an officer de facto, though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office." Stafford v. First National Bank,182 Ark. 1169, 34 S.W.2d 759 (1931), citing Constantineau on the De FactoDoctrine, § 151. While a de facto officer is permitted to retain the office, his actions are valid. Id. See also, State v. Roberts,255 Ark. 183, 499 S.W.2d 600 (1973); Faucette v. Gerlach, 132 Ark. 58,200 S.W.2d 279 (1918); and Appleby v. Belden Corp., 22 Ark. App. 243,738 S.W.2d 807 (1987).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Other constitutional provisions which do not appear as relevant to the facts you describe include Arkansas Constitution, art. 3, § 6 and art. 19, § 3.