The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, Arkansas 72455-0525
Dear Senator Wilson:
This is in response to your request for an opinion on "removing the authorization of a constable to carry a firearm who has been convicted of a Class A misdemeanor." You also ask whether such a conviction requires the constable to forfeit his office. Specifically, you recite the following facts, and pose the following questions:
 A specific constable in my district was convicted of intercepting phone calls with his scanner and making recordings of them. He then used the recordings to harass the person whose calls he had intercepted. He was taken to court and convicted of a Class A misdemeanor. As further punishment, the individual who was harassed is requesting that the constable no longer be allowed to carry a firearm. Is this possible under the current law? In addition, does a conviction of this type of crime require the individual to forfeit his right to hold office?
RESPONSE
In my opinion, the constable in question can not, under current state law, be subjected to a lifetime prohibition against carrying a firearm. Such ban arises under state law only for felony convictions.[1] The constable might, however, depending upon the sentence the judge hands down, be prohibited from carrying a firearm during a period of probation. In response to your second question, in my opinion the particular misdemeanor conviction you describe does not render the constable automatically "ineligible" to hold his office. His conduct, if it occurred during his term in office, however, might give rise to a petition in circuit court to remove him under the provisions of Arkansas Constitution, art. 7, § 27.
Question 1 — May the constable be prohibited from carrying a firearmafter a Class A misdemeanor conviction?
In my opinion the answer to this question is "no," unless accomplished pursuant to a condition of probation or suspended sentence imposed by the judge, and only for the period of probation or suspension.
In Arkansas, felons forfeit their right to possess firearms, and may be charged criminally if found in possession of one. See A.C.A. §5-73-103(a)(1) (Repl. 1997).[2] Misdemeanants, however, are not subject to this prohibition. There is thus no state law prohibition that renders misdemeanants ineligible to carry a firearm. See again, however, as tofederal law, note 1, supra. A judge has the discretion, however, depending upon the charge, to fashion a sentence that includes probation or suspended sentence. See A.C.A. §§ 5-4-104 and 5-4-301 to -304 (Repl. 1997). It is within the discretion of the judge to impose, as a condition of probation or suspension, that the defendant "[h]ave no firearms in his possession." A.C.A. § 5-4-303(c)(7).
You have not indicated what sentence the judge imposed, or whether he has in fact yet imposed any sentence. I am not in a position to determine, therefore, whether probation with a "no firearms" condition is an option at this time.
Question 2 — Does a conviction of this type of crime require theindividual to forfeit his right to hold office?
There is, in my opinion, no automatic ineligibility to hold office arising from this type of misdemeanor conviction. In Arkansas, persons with felony convictions, and certain misdemeanor convictions, whether the convictions occurred prior to, or during the period of office-holding, are ineligible to hold office. See Arkansas Constitution, art. 5, § 9 and A.C.A. 16-90-112(b). Article 5, § 9 renders ineligible any person convicted of "embezzlement of public money, bribery, forgery or other infamous crime." My predecessor has opined that this provision disqualifies persons convicted of any felony, and persons convicted of misdemeanor embezzlement, bribery, forgery, or a misdemeanor "infamous crime." The latter term has been held to include "treason, felony, and the crimen falsi." See generally, Op. Att'y Gen. 94-106 citing Black's Law Dictionary (5th Ed. 1979 at 335. The "crimen falsi" are "crimes in the nature of perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense which involves some element of deceitfulness, untruthfulness, or falsification bearing on witness' propensity to testify truthfully." Id. citing
Black's, supra.
The conviction you describe is not a felony. Nor is it one, in my opinion, which can be categorized as embezzlement, bribery, forgery or an "infamous crime" for purposes of art. 5, § 9. There is thus noineligibility to hold office arising from the misdemeanor conviction.
There is another provision of the Arkansas Constitution, however, which may be relevant to the question you have posed. Article 7, § 27 applies only to county and township officials, and it provides as follows:
 The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.
This provision has reference to conduct occurring in a present term of office. Rice v. State, 204 Ark. 236, 161 S.W.2d 401 (1942) and Jacobs v.Parham, 175 Ark. 86, 298 S.W. 483 (1927). It is not limited to felonies, or even to criminal conduct.[3] See, e.g., Jones v. State,104 Ark. 261, 149 S.W. 56 (1912), and Wills, "Constitutional Crises: Can theGovernor (or other State Officeholder) be Removed From Office In a CourtAction After Being Convicted of a Felony?" 50 Ark. L. Rev. 221 (1997).See also A.C.A. §§ 14-14-1313 and 14-14-1308 (8).
In my opinion, therefore, if the conduct occurred in a current term of office, a petition might be filed in the circuit court to remove the constable from office. The resolution of such a petition would be a matter for the circuit court.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] There is an exception under federal law for certain misdemeanor domestic violence convictions. See 18 U.S.C. §§ 921 and 922. Persons convicted of a misdemeanor crime of domestic violence are prohibited from "possess[ing] in or affecting commerce, any firearm or ammunition. . . ."18 U.S.C. § 922(g)(9) (Supp. 1998). Misdemeanor crimes of domestic violence involve "the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."18 U.S.C. § 921 (a)(33)(A) (Supp. 1998). Certain exceptions apply.18 U.S.C. § 921(a)(33)(B).
[2] The Governor has authority to restore firearms rights, as do certain federal agencies. A.C.A. § 5-73-103 (a), (b)(2) and (d).
[3] If the conviction is for a criminal conduct amounting to a felony, however, a state statute appears to make removal mandatory. See A.C.A. §21-12-302(a).