The Honorable Buddy Blair State Representative 500 North 18th Street Fort Smith, Arkansas 72901
Dear Representative Blair:
I am writing in response to your request for an opinion on the following question:
 Under 14-48 City Administrator form of government can a City Director who has resigned and a vacancy declared, been fired or otherwise dismissed by the remaining City Directors under 14-48-120(k) and then appointed to fill out the unexpired term of the position, seek reelection for that same position?
RESPONSE
It is my opinion that the answer to this question is "yes."
The question you pose is similar to the question I addressed in Op. Att'y Gen. 2004-253, issued to the Chairman of the Sebastian County Election Commission. The question in that opinion was whether, in a city manager
form of government, a city director could run to succeed himself after having been appointed to fill a vacancy occasioned by his separation from office for missing five consecutive meetings. I first noted, in response to that question, the ministerial nature of the duties of county boards of election commissioners and stated that "county election commissions do not have the authority to refuse to place a properly certified candidate's name on the ballot." Id. at 1. The proper remedy, I stated, was a judicial "writ of mandamus coupled with a request for a declaratory judgment concerning the candidate's eligibility." Id. at 2. I further noted that it was unclear under what authority a vacancy had been declared by virtue of the five missed meetings. I noted that the statutes governing cities with the city manager form of government contained no authorization for that action. Finally, I concluded that the director at issue could run to succeed himself because the prohibition against such succession contained in Amendment 29 to the Arkansas Constitution does not apply to municipal officials.[1]
It appears that your question arises out of the same fact situation prompting Opinion 2004-253 above, but that the question posed in that opinion inadvertently referred to a city with the city manager form of government, rather than the city administrator form of government. You now pose essentially the same question with regard to the city administrator form of government.
The statutes governing cities with the city administrator form of government do provide a procedure for the removal of city directors missing more than five consecutive meetings. The provision is contained, as you mention, in A.C.A. § 14-48-120(k) (Repl. 1998), as follows:
 (k) Any director who fails to attend five (5) consecutive regular meetings of the board, or who fails to attend fifty percent (50%) of the regular meetings of the board held during a calendar year while he is a qualified member of the board, shall be deemed to have resigned. A vacancy shall then exist in that position to be filled as provided in § 14-48-115.
You indicate that a particular director was deemed to have resigned under the first sentence of this provision, and then was appointed to fill the ensuing vacancy under the second sentence. Your question is whether such a director can "seek reelection for th[is] same position."
In my opinion the answer to this question is "yes." There is no prohibition contained either within the Arkansas Constitution or any applicable statute that would disqualify or render ineligible such a person for the office of city director in a city with the city administrator form of government. As noted in Opinion 2004-253, the most relevant provision in the Arkansas Constitution, Amendment 29, § 2 (rendering ineligible for succession appointees to certain offices), does not apply to city directors. Op. Att'y. Gen. 2004-253, citing JohnsonCounty Board of Election Commissioners v. Holman, 280 Ark. 128,655 S.W.2d 408 (1983). Neither have I found anything within the subchapter governing cities with the city administrator form of government that would disqualify such a person from re-election. In fact, Section14-48-110(d)(2)(B) states that: "[n]either the mayor nor a director shall be prohibited from holding successive terms of office." In addition, §14-48-110(f) refers to eligibility to hold the office of city director as follows:
 (f)(1) At any primary, general, or special election for the election of the mayor or any director, any adult person who has resided within the municipality for at least six (6) months and is qualified to vote at an election of county or state offices shall be deemed a qualified elector.
 (2) Any person more than twenty-one (21) years of age possessing these same qualifications also shall be eligible to run for the office of mayor or director.
(Emphasis added.)
This provision appears to support the eligibility of "any person" possessing the limited qualifications listed in subsection (f) of A.C.A. § 14-48-110.
Even A.C.A. § 14-48-114, which provides a procedure for a percentage of the electors to petition for the removal of the mayor or a city director from office, does not mention or restrict the future eligibility of such person to re-election. In this regard, the applicable law may be analogous to the result reached by the Arkansas Supreme Court under Arkansas Constitution, art. 7, § 27, which governs the removal of county and township officers. The court in Jacobs v. Parham, 175 Ark. 86,298 S.W. 483 (1927) concluded that there was no prohibition against re-election after removal under that provision.
In my opinion, therefore, the answer to your question is "yes," such a person may seek re-election to the position in question.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] I also noted, however, that the prohibition does now apply to district judges. Id. at footnote 1.