The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Representative Bradford:
I am writing in response to your request for my opinion on the following question:
 Can a county judge or quorum court have any personal exposure to financial liability for the failure to collect delinquent funds that are owed to a county? This question is posed with regard to any category of debts owed to the county, fees, fines and amounts owed under contracts or interlocal agreements.
RESPONSE
Only a finder of fact acquainted with all of the circumstances attending a failure to collect delinquent funds in any particular instance would be situated to answer this question. As a general proposition, a county and its officers, including the judge, justices of the peace and the county collector (the latter of whom would normally be charged with collecting various delinquent payments[1]), are immune from liability for negligent acts except to the extent that claims alleging such acts are covered by liability insurance. A.C.A. § 21-9-301 (Repl. 2004). In the unlikely event any such lapse in collecting delinquencies were to implicate a provision of federal law, these officers would alternatively enjoy a qualified immunity from suit if they undertook the actions complained of in good faith in the performance of their duties, the acts did not violate any clearly established federal right and the officers' action or inaction were objectively reasonable in light of clearly established legal rules.
As just noted, county officials enjoy limited immunity pursuant to A.C.A. § 21-9-301, which provides:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
This provision applies only in situations involving tort liability, and it contains an exception for claims covered by liability insurance. SeeCity of Caddo Valley v. George, 340 Ark. 203, 9 S.W.3d 481 (2000). Moreover, the immunity granted by this statute does not include immunity from liability for intentional torts. See Deitsch v. Tillery,309 Ark. 401, 833 S.W.2d 760 (1992); Battle v. Harris, 298 Ark. 241,766 S.W.2d 431 (1989). Although A.C.A. § 21-9-301 speaks only in terms of the immunity of the political subdivision itself (and its "boards, commissions, agencies, authorities or other governing bodies"), the Arkansas Supreme Court has interpreted the statute as extending immunity to officers and employees of the political subdivisions as well when they negligently commit acts or omissions in their official capacities. See,e.g., Doe v. Baum, 348 Ark. 259, 270, 72 S.W.3d 476 (2002); Autry v.Lawrence, 286 Ark. 501, 696 S.W.2d 315 (1985) (stating that it was the intent of the General Assembly in enacting A.C.A. § 21-9-301 to grant immunity to municipal agents and employees for acts of negligence committed in their official capacities).
A different "qualified immunity" may apply if a plaintiff alleges a violation of federal law against the officers or employees of a governmental entity. Under the doctrine of qualified immunity, an individual is immune from suit if he undertook the actions complained of in good faith in the performance of his duties and the acts do not violate any clearly established constitutional right. Saucier v. Katz,533 U.S. 194 (2001); Harlow v. Fitzgerald, 457 U.S. 800 (1982). The test for the applicability of qualified immunity turns upon the "objective legal reasonableness of the action," assessed in light of legal rules that were "clearly established" at the time the action was taken. Id.;Anderson v. Creighton, 483 U.S. 635 (1987). The immunity is "qualified" because it does not apply where the activity is in violation of clearly established law that a reasonable person would have known. Id.; Robinsonv. Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987); Matthews v. Martin,280 Ark. 345, 658 S.W.2d 374 (1983).
Section 1983 of title 42 of the United State Code provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
State law immunities do not override a cause of action under this statute. See Monell v. New York City Department of Social Services,436 U.S. 658 (1978).
It is unclear from your question whether "the failure to collect delinquent funds" referenced in your request would give rise to a claim of negligence or to some other cause of action. You have further failed to mention whether the county at issue carries liability insurance covering the negligent acts of its employees and officers. Under these circumstances, I can do no more than recite the standards set forth above and note that the county attorney, after reviewing the pertinent facts, should be best situated to determine whether any variety of immunity applies.
Finally, I will note generally that the failure to perform the duties of one's office might amount to nonfeasance, if based purely upon negligence, or to malfeasance, if the failure is based upon some intentional, impermissible motivation. In this regard, Ark. Const. art. 7, § 27, which applies to county and township officials, provides:
 The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.
This provision refers to conduct occurring in a present term of office.Rice v. State, 204 Ark. 236, 161 S.W.2d 401 (1942) and Jacobs v. Parham,175 Ark. 86, 298 S.W. 483 (1927). It is not limited to felonies, or even to criminal conduct. See, e.g., Jones v. State, 104 Ark. 261, 149 S.W. 56
(1912), and Wills, "Constitutional Crises: Can the Governor (or other State Officeholder) be Removed From Office In a Court Action After Being Convicted of a Felony?" 50 Ark. L. Rev. 221 (1997). Accord A.C.A. §§14-14-1313 and 14-14-1308(8). Again, only a finder of fact acquainted with all the pertinent circumstances could determine whether these constitutional and statutory provisions might apply in any given instance.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] With respect to the collection of delinquent taxes, which appear to fall within the general scope of your request, Ark. Const. art. 7, § 46
provides that the sheriff "shall be ex-officio collector of taxes, unless otherwise provided by law." In accordance with this provision, A.C.A. §14-20-113 (Repl. 1998) provides:
 The quorum court in each county shall provide for the collection of delinquent taxes within the county and shall, by ordinance, place the responsibility therefor in the office of the county collector or the combined office of sheriff and collector, or may provide for the collection of delinquent taxes by a person designated by a board composed of the county judge, an appropriate representative of the public schools in the county, and the mayor of the county seat or of each county seat in the case of those counties having two (2) county seats.