The Honorable Jerry Taylor State Representative P.O. Box 2026 Pine Bluff, AR 71613-2026
Dear Representative Taylor:
You have requested my opinion concerning a county advisory board.
The facts that give rise to your question are as follows:
A county owns certain property on which it formerly operated a county hospital. The property is now operated by Beverly Enterprises, Inc. as a nursing home. A board of seven members is appointed by the county judge to oversee the building, grounds, and any capital improvements, and to act as an advisory board.
In light of this scenario, you have asked:
 Are the board members immune from liability for patient care provided by Beverly Enterprises?
RESPONSE
I am unable to provide a definitive or conclusive answer to this question, because the answer will depend upon the nature of the act out of which any particular claim or allegation might arise. An evaluation of the potential liability or immunity of the board members must necessarily be made on a case-by-case basis, with consideration given to all of the pertinent facts.
The nature of the relationship between the county and Beverly Enterprises, Inc. is unclear from the facts that you have presented. The situation as you have described it does not appear to be one that would give rise to the principles of agency. That is, Beverly Enterprises, Inc. and its employees do not appear to be agents of the county or of the county advisory board. If this appearance is accurate, liability for the acts of Beverly Enterprises, Inc. and its employees could not normally be imputed to the county or to the county's advisory board. Regarding the nature of the relationship between the county and Beverly Enterprises, Inc., I would advise consultation with the county attorney, who is in the best position to evaluate the facts of the situation.
Assuming hypothetically that a claim of the board's liability might arise out of the relationship between the county and Beverly Enterprises, Inc., I will set out several sources of Arkansas law that would operate to provide limited immunity under certain circumstances for the members of the board.
First, the board may be entitled to limited immunity under the provisions of A.C.A. § 21-9-301. That statute states:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
A.C.A. § 21-9-301.
It should be noted that this provision has been applied only in situations involving tort liability, and that it contains an exception for claims covered by liability insurance. See City of Caddo Valley v.George, 340 Ark. 203, ___ S.W.3d ___ (2000). Moreover, the immunity granted by this statute does not include immunity from liability for intentional torts. See Deitsch v. Tillery, 309 Ark. 401, 833 S.W.2d 760
(1992); Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431 (1989). Thus, assuming the type of agency relationship that would give rise to a claim against the board, the board members would not be immune from liability for intentional torts committed by Beverly Enterprises, Inc. and its employees, or from liability from to the extent of any applicable insurance coverage.
Again assuming the type of agency relationship between the county and Beverly Enterprises, Inc. that would give rise to a claim of liability, advisory board members may also be entitled to limited immunity under the provisions of A.C.A. § 16-120-102. That statute states:
 (a) Except as otherwise provided by this chapter, no member of any board, commission, agency, authority, or other governing body of any governmental entity and no member of the board of directors of a nonprofit corporation that holds a valid federal income tax exemption issued by the Internal Revenue Service shall be held personally liable for damages resulting from:
 (1) Any negligent act or omission of an employee of the nonprofit corporation or governmental entity; or
 (2) Any negligent act or omission of another director or member of the governing body of the governmental entity.
A.C.A. § 16-120-102(a).
The pertinent exception to the above-quoted grant of immunity is stated in A.C.A. § 16-120-103, as follows:
 (a) The immunity provided by this chapter shall not extend to acts or omissions of directors of nonprofit corporations or members of boards, commissions, agencies, authorities, or other governing bodies of any governmental entity which constitute ordinary or gross negligence personal to the director or member or to intentional torts committed by a director or member.
A.C.A. § 16-120-103(a).
Other types of immunity may be available to members of the advisory board, depending upon the nature of the claim in question (and again, assuming the type of relationship that could give rise to a claim of liability). For example, if a federal law claim is made against the members of the advisory board, they may be entitled to "qualified immunity." Under the doctrine of qualified immunity, an individual is immune from trial if the actions complained of were taken in good faith in the performance of one's duties, and the acts do not violate any clearly established constitutional right. Saucier v. Katz, 533 U.S. 194
(2001); Harlow v. Fitzgerald, 457 U.S. 800 (1982). The test for the applicability of qualified immunity turns upon the "objective legal reasonableness of the action," assessed in light of legal rules that were "clearly established" at the time the action was taken. Id.; Anderson v.Creighton, 483 U.S. 635 (1987). The immunity is "qualified" because it does not obtain where the activity is in violation of clearly established law that a reasonable person would have known. Id.; Robinson v.Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987); Matthews v. Martin,280 Ark. 345, 658 S.W.2d 374 (1983).
I reiterate that both the question of whether the relationship between the county and Beverly Enterprises, Inc. is one that could give rise to claims of the board's liability, and the question of the applicability of all of the above-discussed types of immunity must be evaluated on a case-by-case basis and will depend largely upon the nature of the action from which immunity is sought. Again, I advise consultation regarding this matter with the county attorney.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General